## WILLARD C. BEACH AIR BRUSH CO. v. GENERAL MOTORS CORPORATION
### et al.
### No. 10201.

United States Court of Appeals
Third Circuit.

Argued Oct. 10, 1950.

Decided Oct. 17, 1950.

Harold G. Aron, Newark, N. J., Zucker & Goldberg, Newark, N. J., Maurice J. Zucker, Newark, N. J., Alexander Chananau, of counsel, for appellant.

James D. Carpenter, Jersey City, N. J., Carpenter, Gilmour & Dwyer, Jersey City, N. J., Drury W. Cooper, New York City, of counsel, for respondents.

Before ALBERT LEE STEPHENS, MARIS and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from an order of the district court denying the plaintiff's motion to vacate and set aside a judgment of discontinuance previously entered in the cause. The case had originally been called for trial before a jury and a mistrial had been declared by reason of the illness of Beach, the plaintiff's president, during the trial. Negotiations for settlement of the controversy then took place and six months later the defendants filed a petition for permission to file a plea of accord and satisfaction which alleged that a settlement had been agreed upon but that the defendants had been informed by Beach that the attorney of record for the plaintiff no longer represented it and the attorney declined to consent to the discontinuance of the action pursuant to the agreement of settlement. An order to show cause why the plea should not be filed was entered and a hearing was had thereon but instead of granting leave to file the plea the district court upon the written consent of the same attorney of record for the plaintiff entered an order that the cause be discontinued with prejudice. Thereafter the plaintiff filed the motion to vacate that order, the denial of which is the basis for the present appeal.

At the hearing of the motion to vacate the order of discontinuance it appeared that the attorney of record for the plaintiff who consented to the order of discontinuance on behalf of the plaintiff had been discharged by the plaintiff prior thereto and no longer represented it in the case and that this fact was known to all counsel when that attorney affixed his written consent to the order of discontinuance and that order was entered by the court. Moreover Beach, through his new counsel, vehemently asserted that the discontinuance was thus carried through in order to consummate a settlement which had been imposed upon him while in a weakened physical condition and by duress. In spite of these assertions and of the plaintiff's demand that it be afforded an opportunity to prove them upon the hearing of the defendants' plea of accord and satisfaction the district court denied the motion to vacate the order of discontinuance.

We think that in so doing the district court erred. The order of discontinuance with prejudice, which amounted to a final termination of the litigation, was entered solely by virtue of the written consent of counsel for the parties. Since it appeared that the authority of the attorney who signed his consent as counsel for the plaintiff had been expressly withdrawn by the plaintiff and that he was accordingly not authorized to act for the plaintiff when he signed, the order of discontinuance entered upon his consent was invalid and should have been vacated. It may well be, of course, that the plaintiff has in fact entered into a valid and binding agreement for the

settlement and discontinuance of this suit, as the defendants assert in their plea of satisfaction and accord, but the plaintiff is nonetheless entitled to have the court pass upon the validity of that plea after a hearing at which both parties have opportunity to offer evidence bearing upon it. The plaintiff has never been afforded such a hearing.

Accordingly the order appealed from will be reversed and the cause will be remanded to the district court with directions to vacate the order of discontinuance with prejudice entered June 9, 1948 and to permit the filing of the defendants' plea of accord and satisfaction, and thereupon to hear and dispose of that plea in limine and take such further proceedings in the cause as to right and justice may appertain.