## WEILBACHER v. UNITED STATES.

United States District Court
S. D. New York.
April 23, 1951.

110

Robert Emmet Connolley, New York City, for libelant.

Irving H. Saypol, U. S. Atty., New York City, Hanrahan & Brennan, New York City, of counsel, for respondent

RYAN, District Judge.

Defendant has filed exceptions and exceptive allegations to the libel, which raise essentially the defense of res judicata. Simultaneously, libelant moves for an order vacating and setting aside an order of this court, dated September 28, 1949, entered upon a stipulation dismissing the appeal from a judgment entered in a prior action.

The libel is filed by a seaman and member of the crew of the S. S. William A. Graham, which was owned or bareboat chartered by the United States of America and operated by it and for its account. In substance, it alleges that while employed aboard this vessel, and on or about October 6, 1946, libelant, in the performance of his duties as a crew member, sustained serious bodily injuries by reason of respondent's negligence. Judgment in the sum of $40,000 is sought.

The exceptions and exceptive allegations plead facts that are a matter of record in the files of this court and disclose the following: On January 29, 1947, a suit was filed by libelant as plaintiff on the civil side of this court against J. H. Winchester & Co., Inc., as general agent of the United States. This suit, arising out of the same incident set forth in the within libel, was tried before a court and jury on January 12, 13 and 14, 1949 and resulted in a jury verdict in favor of defendant on the negligence count and in favor of libelant on a maintenance and cure count, upon which verdict appropriate judgment was entered. On February 10, 1949, libelant filed a notice of appeal to the Court of Appeals from this judgment, and defendant cross-appealed. Thereafter, plaintiff and defendant agreed to dismiss their respective appeals upon payment by defendant of the amount of the verdict for maintenance and cure. A stipulation dismissing the appeals was entered into and duly filed, and an order approving it was signed by this court on September 28, 1949.

■ Putting to one side the possible effect of special legislation, it is clear that the exceptions here made would have to be sustained. The effect of the order was to reinstate as final the judgment entered in the trial court, and the Court of Appeals for this Circuit has held that a judgment for the general agent is res judicata in a subsequent action against the United States. Adriaanse v. United States, 2 Cir., 184 F.2d 968. Libelant, however, asserts that he is entitled to institute this action by virtue of Chapter 1136, Public Law 877, 46 U.S.C.A. § 745. The Act, passed as a result of McAllister v. Cosmopolitan Shipping Co., 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692, provides so far as here relevant: "That the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after the enactment of this amendatory Act, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel".

Libelant asserts that he entered into the stipulation dismissing his appeal solely because the McAllister decision barred recovery against the general agent, and argues that consequently he comes within the terms of this law. However, the judgment in the trial court below, which was reinstated by the dismissal of the appeal, was on the merits, and cannot be reconciled with libelant's claim that his action was dismissed solely because brought against an improper party.

Anticipating this interpretation, libelant has moved under Fed.Rules Civ.Proc. Rule 60(b), 28 U.S.C.A., to vacate the order entered in this court on September 28, 1949, and asserts in support thereof the following facts which are in no way disputed by respondent. Following the filing of the appeals in the first action, the parties agreed to take no further steps pending the de-cision of the Supreme Court in the McAllister case. That decision rendered on June 27, 1949 held that an action similar to the one commenced by libelant did not lie against the general agent and that suit could be brought against the United States only. In the face of this determination, it appeared to libelant that further prosecution of his appeal would be futile. Although legislative action to alleviate possible hardships ensuing from the decision had been instituted, it was uncertain whether any remedial action would in fact be taken, or, if it was, what would be its nature. It was under these circumstances that the parties entered into the stipulation, on the basis of which the order here sought to be vacated was entered.

On December 13, 1950, the Enabling Act above set forth was enacted. Under its terms, it seems reasonably clear that if libelant had prosecuted his appeal and the Circuit Court had affirmed the adverse judgment *solely* on the basis of the McAllister case, he would be entitled to institute the present action against the United States. Libelant argues that his substantial rights ought not to be forfeited by his inability to anticipate the ultimate wording of the Enabling Act, and his refusal to prosecute an apparently futile and unavailing appeal.

■ The court is of the opinion that the broad language of Rule 60(b), particularly of subsection 6, vests it with power to vacate the order of dismissal, and that under the circumstances here set forth justice demands that the court exercise that power. However, as a condition to vacating the order, libelant is required to return the sum which he received for maintenance and cure.

It should be clearly understood that the court expresses no opinion on the substantiality of libelant's grounds for appealing the first judgment, nor do we express any view with respect to libelant's compliance or noncompliance with other procedural prerequisites to securing review of the first judgment. All the court here undertakes to do is to remove the bar to prosecution of the appeal presented by the order of dismissal indicated above.

112

In the meantime, jurisdiction on the motion to sustain the exceptions and exceptive allegations is retained and they may be brought on before me after final determination of the appeal.