Mahlon G. Funk, Jr., Richard A. Repp, Richmond, Va., for plaintiff.

Elmer J. Skiba, Hackensack, N. J., Charles H. Cuthbert, Jr., Petersburg, Va., for defendant.

### Stanley P. WILCOX
### v.
### TRIPLE D CORPORATION.
#### Civ. A. No. 77–0226–R.

United States District Court,
E. D. Virginia,
Richmond Division.

March 10, 1978.

### MEMORANDUM

WARRINER, District Judge.

The Court has before it defendant's motion of 30 January 1978 moving the Court to vacate its order of 13 January 1978. A review of the procedural record in this case may be helpful.

The complaint was filed on 22 April 1977. On 18 May a stipulation was entered into between the parties extending time for defendant to answer to 15 June 1977. Nothing further appears in the record until 22 September when counsel for plaintiff filed an appropriate affidavit and motion for entry of a default, as well as a motion for default judgment.

Although the file at this point disclosed only the Court sanctioned extension of time for filing response which expired on 15 June 1977, plaintiff had informally extended the time to 18 July 1977 by letter addressed to Elmer J. Skiba, Esq., counsel for defendant, under date of 5 July 1977. The letter of 5 July also gave notice to defendant that a failure to respond by 18 July would result in a motion for a default. No response from defendant having been filed within the period of informal extension, a default was duly entered by the Clerk on 22 September 1977 on motion abovementioned. Notice of the default was mailed to defendant by the Clerk.

On 19 October 1977 defendant moved to vacate the default. The motion was accompanied by an appropriate brief and by an affidavit executed by Mr. Skiba containing, among other allegations, a statement that plaintiff had agreed to defer proceeding in this action but thereafter had filed its motion for entry of a default "without any written or verbal communication," with defendant. In its response, plaintiff alleged that affiant had falsely stated in his affidavit that the motion for default had been filed contrary to an understanding and without notice to defendant. In support of its charge that this claim was false, plaintiff filed a copy of its letter of 5 July to which reference was above made. It was also shown that a copy of this letter had been received by the Clerk's Office of this Court on 8 July and that a copy had been forwarded to the president of defendant corporation.

In view of this dispute as to the facts underlying the entry of the default, the Court directed by order entered on 1 November 1977 that a decision on the motion to set aside the default be deferred until the deposition of Mr. Skiba be taken. His deposition was duly taken and was filed on 23 November 1977. Mr. Skiba's deposition disclosed that essential portions of his affidavit had been filed on the basis of undisclosed hearsay and that portions of the affidavit were either untrue or were true only as qualified by the explanations contained in his deposition, which explanations substantially altered or lessened the impact of the affidavit.

Having considered the deposition of Mr. Skiba, the Court on 8 December 1977 entered an order allowing plaintiff ten days to expand the record by filing counteraffidavits and setting up a briefing schedule for the parties on defendant's motion to set aside the default on the basis of the expanded record.

Within the allotted time appropriate affidavits were filed by plaintiff. The affidavits, if unrebutted, were sufficient to confirm that the Skiba affidavit of 19 October 1977 was materially misleading and that the facts of the case afforded no sufficient basis for relief from the default.

Upon expiration of the briefing period, no briefs or other response having been filed by defendant, the Court reviewed the entire record and entered an order on 13 January 1978 denying defendant's motion of 19 October to vacate the default. Unbeknownst to the Court at the time of the entry of the order, defendant's counsel had written to the Court under date of 11 January[1] that defendant was relying on the brief it had filed with its original motion as its response. Since the Court had already reviewed defendant's brief filed with its original motion before entering the order of 13 January, counsel's letter of 11 January gave the Court no cause to reconsider its order of 13 January.

Despite defendant's decision to submit the matter on the brief previously filed, defendant is now before the Court seeking to set aside the order of 13 January on the basis that defendant did not receive a fair hearing prior to entry of that order as a consequence of alleged "misfiling" and other defaults in the internal processes of counsel's law office.

The Court is not persuaded by Mr. Skiba's latest affidavit that there is sufficient factual basis upon which the requested relief should be granted. Mr. Skiba not only received a copy of the Court's order of 8 December 1978, which he alleges was mis-

---

1. This letter was not received by the Court until 17 January 1978.

filed, but he also received within a week thereafter, the affidavits filed by plaintiff in direct response to that order and also a copy of the forwarding letter from counsel for plaintiff which made specific mention of the Court's order of 8 December. Under all the circumstances, Mr. Skiba's affidavit under date of 19 January 1978 is wholly insufficient to explain his current claim that he would have filed additional legal memoranda rather than rely upon the brief previously filed.

In any event, the ultimate question to be decided is whether to set aside under Rule 55(c) the default which was entered by the Clerk. Nothing which defendant has filed since the entry of the default is sufficient, under all the circumstances of this case, to persuade the Court that the default should be vacated.

It can fairly be said that the record in this case tracks the observation in 10 Wright & Miller, Fed.Prac. and Proc. § 2693:

> [W]hen the nondefaulting party endeavors to encourage the other party to respond, provides sufficient opportunity for opponent to correct the default, or does not press too rapidly for the entry of the default and the subsequent judgment, a court typically will conclude that there is no reason to give the defaulting party relief. Similarly, when the party in default engages in delaying or obstructing tactics or willfully ignores the processes of the court, a district judge will be reluctant to grant a motion to set aside the entry or judgment and will do so only on terms that will alleviate any inequities caused by the defaulter's behavior. The cases indicate that the good or bad faith of the parties may be one of the most important factors in deciding motions under Rule 55(c).

The only argument of defendant that may have persuasive qualities is the argument that a party should not suffer for his counsel's default. Whatever merit this argument may have, it is not persuasive in this case. According to Mr. Skiba, he was advised by the president of defendant corporation, Mr. Dellentash, to disregard the letter of 5 July in that negotiations were still underway with Mr. Wilcox, president of plaintiff corporation, and that Wilcox had stated to Dellentash that defendant could "forget about" the letter of 5 July. Mr. Wilcox's affidavit rebuts this claim. He states that no conversation took place between him and Dellentash between 1 July and 18 July 1977. The deposition and affidavits show that Mr. Dellentash has been intimately associated with the negotiations prior to the institution of suit and with the proceedings subsequent thereto. There is no reason to relieve defendant corporation from the consequences of a decision not to respond to the letter of 5 July when, if his counsel is to be believed, the letter was ignored at the direction of its president, Mr. Dellentash.

The Court realizes that it is preferable for disputes to be settled on their merits. The purpose of the rules of procedure is to effectuate a decision on the merits. Defendant has frustrated the purposes of the rules in this Court at every procedural step. Defendant's explanations for its successive defaults have been substantially less than satisfactory. The action was filed in the Spring of 1977 and, but for defendant's defaults, would have long since been decided by this Court. Prejudice to plaintiff is obvious. Under all the circumstances, no relief should be granted.

While the foregoing discussion should dispose of the matter, the Court is reluctant to determine the case on default if a determination on the merits could be had in fairness to the parties. If plaintiff could be compensated for its trouble, costs and expense in pressing its rightful claim to a default and have that matter at an end then the Court may be justified in setting aside the default. The setting of terms and conditions upon granting of Rule 55(c) relief is recognized. *Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974); *Security Trust & Savings Bank v. Walsh*, 91 F.2d 481 (9th Cir. 1937); 10 Wright & Miller, Fed.Prac. and Proc. § 2700. The Court will impose terms in this case.

If within ten days of the entry hereof, defendant shall undertake by appropriate

pleading filed herein promptly to reimburse plaintiff for all costs and expenses reasonably incurred by plaintiff since 5 July 1977 to obtain and retain its default, and if defendant further undertakes to hold plaintiff harmless from any loss, cost or expense which may hereafter be incurred by plaintiff to defend its right to its default and its right to obtain and have the benefit of these terms and conditions, then the Court will (1) determine the sum due plaintiff from defendant as reimbursement and direct payment thereof; (2) upon such payment, set aside the default and direct that the pleading go forward.

If defendant shall fail to accept the foregoing terms and conditions the default shall be set down for hearing on damages at plaintiff's motion.

An appropriate order shall issue.