WALTER SILKEY *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY. January 7, 1980. This is an action in which the plaintiff alleges he sustained damages as a result of the malicious abuse of process by the defendant. The plaintiff duly claimed a trial by jury. See Mass.R.Civ.P. 38(b), 365 Mass. 801 (1974). After filing its answer, the defendant was defaulted when its attorney failed to appear on the day set for trial. Subsequently, the plaintiff filed a motion for assessment of damages by a jury (see Mass.R.Civ.P. 55[b][2], 365 Mass. 822 [1974]), and the defendant moved to remove the default (see Mass.R.Civ.P. 55[c]). A judge of the Superior Court denied the defendant's motion to remove the default but allowed what appears to be an "amended" motion to have damages assessed by a judge without a jury.

1. A motion to remove a default is addressed to the sound discretion of the trial judge. *Jerry Martin Co.* v. *Hyannis Marina, Inc.,* 3 Mass. App. Ct. 746 (1975). Cf. *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 433-434 (1979). It has not been made to appear that there was any abuse of that discretion.

2. There was no error in the judge's refusal to allow a jury to assess damages because a party's right of trial by jury on assessment of damages following a default judgment is available only "when and as provided by statute." Mass.R.Civ.P. 55(b)(2). See Mass.R.Civ.P. 39(a)(2), 365 Mass. 801-802 (1974). Cf. *Henry* v. *Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974); 6 Moore's Federal Practice par. 55.07 & n.5 (2d ed. 1979). The former statutory right for such a hearing before a jury was abolished in 1974. See St. 1973, § 1114, § 171, and St. 1975, § 377, § 87, wherein G. L. c. 231, § 57, was repealed.

3. The judge's findings as to damages are clearly erroneous. Mass.R. Civ.P. 52(a), 365 Mass. 816 (1974). It is quite clear that the evidence considered by the judge has little or no relation to the cause pleaded, and apparently is inconsistent with the mandate of Mass.R.Civ.P. 54(c), 365 Mass. 821 (1974). Thus, the damages question will have to be presented to a judge and decided again, the evidence to be limited to such matters as are competent, material, and relevant to the cause of action pleaded.

The judgment is reversed, and the case is remanded to the Superior Court for proceedings not inconsistent with this opinion.

*So ordered.*

*John D. Corrigan, Jr.* (*Mary Marshall* with him) for the defendant.
*Samuel E. Bloomberg* for the plaintiff.