Mary C. MONCKTON, Plaintiff,

v.

**LINKBELT CORPORATION and its sale subsidiary, Syntron Sales Company, Incorporated, Defendant.**

Civ. A. No. 74-248.

United States District Court,
D. Delaware.

Jan. 6, 1981.

---

Henry A. Heiman, Wilmington, Del., for plaintiff.

George Pazuniak, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant; Harold J. Birch, and John R. Swindler, Schuyler, Birch, McKie & Beckett, Washington, D. C., of counsel.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

Plaintiff Mary C. Monckton ("Monckton") filed the complaint in this patent infringement case over nine years ago. The litigation was apparently terminated in May 1979 when defendant paid Monckton $15,000 in settlement of all claims and the parties by stipulation dismissed the action with prejudice. On May 8, 1980, however, Monckton moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to have the stipulated dismissal vacated and to have the action restored to the trial calendar. Monckton, by affidavit, alleges that the stipulation of dismissal was executed without her knowledge or consent, that her attorney coerced her into negotiating the settlement check, and that it has always been her intent and desire to have the action proceed to trial. She has also submitted the affidavit of a purported handwriting expert suggesting that the signature of Mary C. Monckton on the Settlement Agreement and the General Release may be forgeries. Monckton does not now allege that she did not receive the proceeds of the settlement check. Before the Court is a motion by defendant for an order staying consideration of Monckton's Rule 60(b) motion until such time as Monckton deposits with the Clerk of the Court $15,000, the amount paid by defendant in compromise and settlement of the action.

▪ The strong weight of authority suggests that Monckton would be compelled to return to defendant the settlement proceeds if she were to succeed in her motion to set aside the earlier judgment of dismissal. The Supreme Court has stated the rule that "[w]hat has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution." *United States v. Morgan*, 307 U.S. 183, 197, 59 S.Ct. 795, 802, 83 L.Ed. 1211 (1939). Section 74 of the Restatement of Restitution provides in pertinent part that "[a] person who has conferred a benefit upon another in compliance with a judgment . . . is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable. . . ." This principle has been generally followed by the state courts. *See, e. g., Alexander Hamilton Life Insurance Co. v. Lewis*, 550 S.W.2d 558, 559 (Ky. 1977); *Murdock v. Blake*, 26 Utah 2d 22, 484 P.2d 164, 168 (1971); *Levy v. Drew*, 4 Cal.2d 456, 50 P.2d 435, 436 (1935). Thus a plaintiff who obtains property pursuant to a judgment and later succeeds in having the judgment vacated is obliged to return the property to the defendant, even though the plaintiff is free to prosecute the same cause of action. *See Kilmer v. Kilmer*, 249 Wis. 41, 23 N.W.2d 510, 512–13 (1946).

Rule 60(b), which provides that a district court, for enumerated reasons, may relieve a party from a final judgment or order "upon such terms as are just . . .," is one potential source of authority for conditioning vacating an order of dismissal upon return of settlement proceeds. This provision has been applied most commonly when granting relief from default judgments, by requiring the defendant to pay the costs and attorney's fees incurred by plaintiff in obtaining the default judgment, and in some instances requiring the defendant to post security for any judgment the plaintiff may obtain on the merits. *See generally Wokan v. Alladin International, Inc.*, 485 F.2d 1232, 1232–34 (3d Cir. 1973); *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C.Cir.1966). The courts have also relied on Rule 60(b) in requiring a plaintiff who has received funds in settlement of an action to return the money as a condition to relief from a final judgment. *See Weilbacher v. United*

*States*, 99 F.Supp. 109, 111 (S.D.N.Y.1951). Certainly a defendant who has in good faith negotiated a settlement, and who therefore reasonably believes the litigation to be over, will almost always be entitled to return of any payments to the plaintiff should the plaintiff succeed in having the judgment of dismissal vacated.

No authority has been brought to the Court's attention, however, that would require or permit it to order a plaintiff to deposit with the Court an amount equal to the settlement proceeds as a condition to the Court's consideration of plaintiff's Rule 60(b) motion. Rule 60(b) itself only provides that the Court may relieve a party from a final judgment or order "upon such terms as are just . . . ," and does not provide for Court imposed conditions prior to the consideration of a Rule 60(b) motion. Indeed, the express provision for attaching conditions to an order for relief from a judgment suggests that a court may properly determine whether any conditions should be imposed only after considering all of the evidence and arguments in support of the motion to set aside the judgment.[1]

 The defendant understandably and forcefully argues that it bought an end to this litigation when it paid the settlement to Monckton and that it should not have to bear the further expense of litigating the Rule 60(b) motion unless it has some assurance that plaintiff is in a position to repay the $15,000 should she prevail. The Court, however, is not inclined to create obstacles to consideration of a motion expressly authorized by the Federal Rules of Civil Procedure. If the Rule 60(b) motion is frivolous, summary denial of the motion may be appropriate. If the motion has merit, the Court can then determine whether Monckton should be required to pay $15,000 directly to defendant as a condition to setting aside the stipulation of dismissal. It is inappropriate, however, to require plaintiff to deposit the $15,000 with the Court, and to perhaps incur financial disadvantage if she must dispose of assets in order to raise the $15,000, only to have the funds immediately returned to her should the Rule 60(b) motion be denied.

In view of the long history of this case, the time limits of the Local Rules of Civil Practice will be strictly enforced from the date of issuance of the order accompanying this opinion. Counsel are strongly encouraged to consult with each other at the earliest practicable time and to agree upon procedures and timetables that will expedite prompt presentation of Monckton's Rule 60(b) motion to the Court.

An order will be entered denying defendant's motion.

---

1. The facts in *Willard C. Beach Air Brush Co. v. General Motors Corp.*, 184 F.2d 569 (3d Cir. 1950), are substantially similar to the case at bar. The plaintiff alleged that a settlement was imposed upon him by duress and sought to have an order discontinuing the action with prejudice vacated on the ground that it was entered with the consent of an attorney acting without authority. The court directed that the order of discontinuance be vacated and remanded for a hearing on the validity of the settlement. 184 F.2d at 570–71. In ordering an evidentiary hearing on the binding effect of the settlement, the court of appeals implicitly rejected dictum in the district court opinion to the effect that plaintiff's motion could not be heard without a tender of the settlement fund already paid to plaintiff. *See* 88 F.Supp. 849, 852 (D.N.J.1950).