187 N.J. Super. 51 (1982)
453 A.2d 570
JOHN REINER & CO., INC., PLAINTIFF,
v.
DORSEY ROOFING COMPANY, INC., DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided October 25, 1982.
*52 Barry L. Eisenberg, attorney for plaintiff (Lasser, Hochman, Marcus, Guryan & Kuskan, attorneys).
George R. Hardin, attorney for defendant (Conway, Reiseman, Bumgardner & Kleinfeld, attorneys).
COBURN, J.S.C.
Defendant requests relief from a default judgment. Although plaintiff opposes the request, its primary claim is that relief should be conditioned upon defendant posting a bond to secure the judgment. Defendant objects to the proposed condition as unjust. Neither the rules of court nor our reported cases directly treat this issue.
Plaintiff filed the complaint on April 23, 1982 and served defendant within two weeks. In due time plaintiff obtained a default. On July 30, 1982, after presenting testimony, plaintiff got a default judgment of $31,750. On August 30, 1982 plaintiff received a writ of execution which the sheriff executed on September 24, 1982 on defendant's bank account, obtaining $3,983.
On October 5, 1982 defendant's attorney applied to this court for relief from the judgment on the basis of affidavits in which the following uncontested facts appear. Defendant immediately sent the summons and complaint to his insurance broker on the assumption that he would transmit them to the appropriate insurance company. By letter of July 28, 1982 the broker returned the summons and complaint to defendant, stating that it should itself forward them to a particular insurance company. Defendant did so approximately one month later, and the papers were received by defendant's attorney on September 8, 1982. He took no action until he was advised on September 27, 1982, that the levy had occurred three days before.
*53 The dispute arose from a roofing contract. Defendant installed the roof in 1980 for $18,410 and agreed that during the next ten years it would repair, without charge, leaks due to normal wear and tear. Alleging that defendant refused to make repairs, plaintiff demanded specific performance or damages. Defendant asserts a complete defense, saying that the roof was constructed properly and, further, that inspection of the roof revealed that the specific causes of the leaking were wholly unrelated to defendant's work.
Relief from a default judgment may be given under R. 4:50-1 upon a showing of merit and either mistake, inadvertence, surprise or excusable neglect. Loranger v. Alban, 22 N.J. Super. 336 (App.Div. 1952). These applications must be viewed with "great liberality and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App.Div. 1964), aff'd, 43 N.J. 508 (1964). The affidavits submitted on this application clearly show possible merit and inadvertence or excusable neglect on defendant's part.
When relief is given from a default judgment the court is required to do so "upon such terms as are just." R. 4:50-1. The closest New Jersey courts have come to requiring a bond in these circumstances has been to order that the lien of the judgment and execution stand as security to plaintiff. Reilly v. Perehinys, 33 N.J. Super. 69, 76 (App.Div. 1954). That discretionary measure of relief has been in common use in other states for many years. Annotation, "Duty of court upon opening default to defer vacation of judgment or order until result of trial on merits," 98 A.L.R. 1380 (1935). Generally, absent extraordinary circumstances, the posting of a bond has been viewed, not as a plaintiff's right, but as a defendant's option if he preferred to have a default judgment vacated when a court had directed that the judgment stand as a lien. Ibid. A number of state courts have expressly rejected imposition of a judgment bond because it is too severe a sanction. Kirkwood v. Superior Court, 253 *54 Cal. App.2d 198, 61 Cal. Rptr. 316 (Ct.App. 1967); Lipsig v. Shamy, 86 App.Div.2d 520, 445 N.Y.S.2d 755 (App.Div. 1982).
In Hodgson v. Applegate, 31 N.J. 29 (1959), the court noted (at 35 that R. 4:50 and Fed.R.Civ.Proc. 60(b) were substantially the same and that "it is therefore proper to draw on the experience of the federal courts with that rule to aid in the solution of comparable problems that arise under our own rules."
In Wokan v. Alladin International, Inc., 485 F.2d 1232 (3 Cir.1973), the trial court had set aside a default judgment on the condition that defendant post a $14,500 bond as security for that part of the judgment that had not already been satisfied by an execution. Plaintiff had received approximately $10,000 from execution on defendant's bank account. The court rejected the bond requirement:
We think it perfectly proper for a district court in an appropriate case to impose the condition to vacating a default judgment that the judgment holder not be deprived of any payment or security he has obtained as a result of the judgment. But it is difficult to imagine what set of circumstances would justify the imposition of a condition that the now disputed claim be made more secure than it was prior to the court's action.... There may be such circumstances, but they do not appear in this record. [at 1235; emphasis supplied]
By its demand for the posting of a bond plaintiff is essentially attempting to improve its position from that of an unsecured creditor to that of a secured creditor. That is a position for which it did not bargain and to which it is not entitled since the only reason it obtained the judgment was defendant's inadvertent and excusable failure to file a timely answer. Therefore, no bond need be filed.
Furthermore, no facts have been produced indicating extraordinary circumstances which would make this an appropriate case for permitting the default judgment to stand as security or for permitting plaintiff to receive the funds being held by the sheriff under the writ of execution. Indeed, it has been observed in recent federal cases that the condition most commonly imposed for relief from a default judgment is simply that defendant reimburse plaintiff for court costs and attorney's fees incurred because of the default. Monckton v. Linkbett Corp., *55 505 F. Supp. 96 (D.Del. 1981); In re Ireco Industries, 2 B.R. 76 (Bkrtcy.D.Ore. 1979); Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C. Cir.1966); Trueblood v. Grayson Shops, 32 F.R.D. 190 (E.D.Va. 1963). With that approach the remedy is reasonably proportionate to the harm suffered by plaintiff as a result of defendant's dereliction.
The propriety of directing defendant to reimburse plaintiff for court costs and reasonable attorney's fees incurred in obtaining the default judgment and the writ of execution and in opposing the motion for relief from the judgment is further supported by R. 1:2-4; Maurio v. Mereck Constr. Co., 162 N.J. Super. 566, 570 (App.Div. 1978), and Tenby Chase Apts. v. N.J. Water Co., 169 N.J. Super. 55, 62 (App.Div. 1979). It is clear from those cases and R. 1:2-4 that the limitations in R. 4:42-9 regarding when counsel fees may be awarded are inapplicable to the circumstances presently before the court. This approach accords with the general practice throughout the United States. Annotation, "Conditioning the setting aside of a judgment or grant of a new trial on payment of opposing attorney's fees," 21 A.L.R.2d 863 (1952).
Accordingly, defendant's application is granted subject to the prescribed condition.