Burger Chef Systems, Inc. *vs.* Servfast of Brockton, Inc. & another.[1]

Plymouth. September 13, 1984. — November 13, 1984.

Present: Hennessey, C.J., Liacos, Nolan, Lynch, & O'Connor, JJ.

*Practice, Civil,* Relief from judgment, Bond, Default.

In an action seeking over $40,000 in rent allegedly due under a sublease agreement, there was no abuse of discretion in either the judge's conditioning the removal of a default entered against the defendant upon the posting of a $25,000 bond or, in light of evidence that the mortgage purportedly securing the bond was subordinate to two prior mortgages, as well as to two Federal tax liens, rejecting the bond which the defendant ultimately offered. [289-292]

Civil action commenced in the Brockton Division of the District Court Department on February 14, 1980.

A motion for relief from judgment was heard by *George N. Covett*, J.

The case was submitted on briefs.

*Geoffrey A. Domenico & Patrice C. Whalen* for the defendants.

*Paul M. Joyce* for the plaintiff.

Hennessey, C.J. The defendant Servfast of Brockton, Inc. (Servfast), appeals the dismissal of a report by the Appellate Division which found no prejudicial error in the judgment of a District Court denying defendant's motion to set aside an entry of default.[2] Servfast claims that the trial judge abused his discretion not only by conditioning the removal of a default upon the posting of a $25,000 bond, but also by rejecting the bond which Servfast ultimately offered. We affirm the order dismissing the report, and conclude that the plaintiff Burger

---

[1] Lester A. Clark. Five other defendants were never served.

[2] Dist. Mun. Cts. R. Civ. P. 55 (c) (1975).

Chef Systems, Inc. (Burger Chef), is entitled to double costs under Mass. R. A. P. 25, as amended, 378 Mass. 925 (1979).

Burger Chef filed a complaint against Servfast for over $40,000 in rent allegedly due under a sublease agreement. Service of process was made upon the defendants on April 10, 1980, in the State of New York. Servfast failed to make a timely response, purportedly because New York counsel had advised that service was improper, and because of difficulty in obtaining local counsel. On May 5, 1980, default was entered against Servfast.

Burger Chef filed a motion on July 15, 1980 to assess damages. After a continuance requested by Servfast, the hearing on that motion took place on August 21, 1980. On that same date, Servfast filed a motion under rule 55 (c) to set aside the entry of default, claiming that it had a meritorious defense to the action based on Burger Chef's failure to comply with the demand and notice requirements of the sublease agreement. Burger Chef's counsel, in response to these allegations, submitted to the judge receipts for the certified mailing of the notices, and indicated that he had personally attended to the notice and demand requirements.

The judge ordered that default be set aside only upon the posting of a $25,000 bond by Servfast. After a succession of continuances, Servfast presented a bond to the court which was ostensibly secured by a mortgage on certain real estate. The record suggests, however, that this mortgage was subordinate to two prior mortgages on the same property. Moreover, Servfast had failed to reveal two levies made upon the property by the Internal Revenue Service, totaling approximately $24,000. Finally, the record indicates that Servfast may have substantially overestimated the value of the real estate which was subject to the mortgages. Accordingly, on October 8, 1980, the judge rejected the bond offered by Servfast, and denied the motion to set aside the entry of default.

On October 31, 1980, damages were assessed in the amount of $42,565, and a default judgment was subsequently entered. The Appellate Division found that there was nothing in the record to suggest that the judge had abused his discretion and it

dismissed the report. Servfast then appealed to this court from the decision of the Appellate Division.

According to Dist. Mun. Cts. R. Civ. P. 55 (c), "[f]or good cause shown the court may set aside an entry of default." The removal of an entry of default under rule 55 (c) is a matter "addressed to the sound discretion of the trial judge." *Silkey* v. *New England Tel. & Tel. Co.*, 9 Mass. App. Ct. 816 (1980). *Jerry Martin Co.* v. *Hyannis Marina, Inc.*, 3 Mass. App. Ct. 746 (1975). *American & Foreign Ins. Ass'n* v. *Commercial Ins. Co.*, 575 F.2d 980, 982 and n.3 (1st Cir. 1978). 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2693 (2d ed. 1983).[3] "Considerable weight is given to the district judge's decision on the motion because he is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties." *Id.* at 475.

Given the facts set forth in the record, and especially the apparent basis for the Appellate Division's conclusion that the judge believed the alleged defenses of Burger Chef "inconsequential and without merit," the judge would not have been "clearly wrong," *Gomes* v. *Williams*, 420 F.2d 1364, 1367 (10th Cir. 1970), if he had simply denied the motion to remove the default.[4] A fortiori, it was not an abuse of discretion to

---

[3] The interpretation given to a Federal rule is to be applied to its Massachusetts counterpart, "absent compelling reasons to the contrary or significant differences in content." *Rollins Envtl. Servs.* v. *Superior Court,* 368 Mass. 174, 180 (1975). Here the wording of the rules is identical. Moreover, the Federal circuits are apparently unanimous in recognizing the discretion afforded to trial judges by rule 55 (c). *American & Foreign Ins. Ass'n* v. *Commercial Ins. Co., supra* at 982 n.3.

[4] *Farley* v. *Sprague,* 374 Mass. 419 (1978), is not to the contrary. In that case we reversed the denial of a motion to vacate a default judgment, where the defaulting party had produced undisputed facts in an affidavit which established a meritorious defense. *Id.* at 425. In this case, Servfast has produced only an affidavit from its attorney alleging that "there is a viable and substantial defense to this action," apparently based on the demand and notice requirements of the sublease agreement. Burger Chef contested these allegations with postal receipts suggesting that the demand and notice requirements were in fact met. Cf. *Gomes* v. *Williams, supra* at 1366 ("bald allegation, without the support of facts underlying the defense," insufficient to merit reopening of default judgment).

grant the motion, conditioned on Servfast's ability to post an acceptable bond.

Servfast claims that the judge abused his discretion because the requirement of posting a bond is somehow "unauthorized." We disagree. Courts construing the Federal equivalent of rule 55 (c) have concluded that trial judges do, in fact, have the power to condition relief upon appropriate conditions, such as the posting of a bond. See, e.g., *Littlefield* v. *Walt Flanagan & Co.,* 498 F.2d 1133, 1136 (10th Cir. 1974); *Wilcox* v. *Triple D. Corp.,* 78 F.R.D. 5, 7 (E.D. Va. 1978); *Rasmussen* v. *W.E. Hutton & Co.,* 68 F.R.D. 231, 235 (N.D. Ga. 1975); 10 C.A. Wright & A.R. Miller, *supra* at § 2700. It would be contrary to reason to conclude that rule 55 (c) imposes upon a trial judge the stark choice between terminating the litigation before a hearing on the merits, or allowing the defaulting party to proceed with the litigation, without threat of sanction, and regardless of prejudice to his opponent. "Terms and conditions can be used to facilitate discovery, compensate for obstructionist tactics, and protect the ability of the nondefaulting party to obtain an appropriate remedy." *Id.* at 539-540.

Requiring a bond, "as a condition for judicial or other action, [is] not unusual." *Damaskos* v. *Board of Appeal of Boston,* 359 Mass. 55, 58 (1971). Statutes or rules may explicitly provide for the posting of a bond.[5] *Id.* at 58-59. "Bonds also may be required, under usual equity principles . . . as matter of judicial discretion." *Id.* at 59. Because rule 55 (c) expresses "the traditional inherent equity power" of the trial court, C.A. Wright & A.R. Miller, *supra* at § 2692, and authorities cited, the judge may condition relief under rule 55 (c) upon a bond, or any other reasonable terms he or she deems just under the circumstances.[6]

---

[5] Under our prior practice, G. L. c. 231, § 57 (repealed by St. 1975, c. 377, § 87), judges were explicitly empowered to remove an entry of default "in their discretion, *and upon terms*" (emphasis added).

[6] Rule 55 (c) provides that, where a final judgment of default has been entered, the court may "set it aside in accordance with Rule 60 (b)." District Mun. Cts. R. Civ. P. 60 (b) (1975) permits a trial court to grant relief from a final judgment of default "upon such terms as are just." It would be

Servfast also argues that, even if relief under rule 55 (c) could be conditioned upon the posting of a bond, the trial judge abused his discretion in setting the bond at an excessive amount, and then in rejecting the bond which Servfast ultimately offered. Again, this argument fundamentally misconstrues the scope of the equitable discretion of a trial judge. See, e.g., *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 211 (1908). Where a trial judge is authorized to condition relief upon the posting of a bond, the amount of the bond is a matter committed to his discretion. "[A]ll aspects of the case and of the respective interests of the parties, appropriate for the consideration of a court of equity in granting or denying discretionary relief, may be taken into account, . . ." in setting the amount to be posted. *Damaskos, supra* at 64 n.9. See, e.g., *Corrigan Dispatch Co.* v. *Casa Guzman, S.A.,* 569 F.2d 300, 303 (5th Cir. 1978) (interpreting security provision of rule 65 [c]); *Continental Oil Co.* v. *Frontier Ref. Co.,* 338 F.2d 780, 782-783 (10th Cir. 1964) (same). Given Burger Chef's claim for over $40,000 in damages, the judge's evident opinion on the merits of Servfast's defense, as well as Servfast's propensity for delay, we cannot conclude that setting the bond at $25,000 was an abuse of discretion.[7]

Nor, clearly, was it an abuse of discretion for the judge to reject the bond offered by Servfast. The record apparently sup-

anomalous to hold that terms may be imposed where a litigant seeks relief from a judgment of default under rule 60 (b), but not when relief is sought from an entry of default under rule 55 (c).

[7] We note that this is not a case where the bond is set at an amount far in excess of that to which the plaintiff seems reasonably entitled. Cf. *Thorpe* v. *Thorpe,* 364 F.2d 692 (D.C. Cir. 1966); *Lipsig, Sullivan, Mollen & Liapakis, P.C.* v. *Shamy,* 86 A.D.2d 520 (N.Y. 1982). Nor, as noted, is this a case where the application for removal of default is accompanied by affidavits which "clearly show possible merit" in the proposed defense. *John Reiner & Co.* v. *Dorsey Roofing Co.,* 187 N.J. Super. 51, 53 (1982). We recognize that courts have shown reluctance to impose conditions on removing default which would make a disputed claim more secure than it was prior to the court's action under rule 55 (c). See *Wokan* v. *Alladin Int'l, Inc.,* 485 F.2d 1232, 1235 (3d Cir. 1973). Nonetheless, under the particular circumstances presented here, we deem the conditions imposed by the judge to be entirely appropriate.

ports the plaintiff's assertion that the mortgage purportedly securing the bond was subordinate to two prior mortgages, as well as to two Federal tax liens. Given the dispute about the value of the property, the judge may properly have concluded that Servfast's actual equity in the property was far less than the amount of the required bond.[8]

Because "the record in this case indicates beyond any doubt that there was substantial and weighty evidence," *Smoot* v. *Washington Nat'l Ins. Co.,* 360 Mass. 868 (1971), to support the judge's exercise of discretion, this appeal is frivolous within the meaning of Mass. R. A. P. 25.

*Order dismissing report affirmed*
*with double costs.*

---

[8] Servfast also claims that the bond requirement has violated its rights under the due process and equal protection guarantees of the State and Federal Constitutions. In light of the discretion afforded to a judge under rule 55 (c), these claims are groundless. See *Paro* v. *Longwood Hosp.,* 373 Mass. 645, 651-658 (1977); *Damaskos, supra* at 63-64.