Forte, J.
This is an action commenced on August 2, 1984 by Suburban against Zusman and Quigley alleging Zusman and Quigley were the endorsers of an overdue promissory note of Action Communications, Inc.[2] Suburban seeks the $8,500.00 representing the unpaid balance of the note plus interest at the rate of 13.96 per cent per annum. Quigley timely filed an answer but on November 30,1984 Suburban filed a request for a default judgment as to Zusman pursuant to Dist./Mun. Cts. R. Civ. P., Rule 55(b). On December 7,1984, judgment entered against Zusman and execution issued on December 17, 1984 in the amount of $9,167.20.
On January 17,1985, Zusman filed a motion to vacate the default judgment and to quash execution. This motion, without notice to the parties, was assented to by Suburban but not by Quigley.
On January 17, 1985, Zusman filed his answer to Suburban’s complaint and filed his cross-claim against Quigley.
Zusman on February 12, 1985 filed a request for default on his cross-claim pursuant to Rule 55(a). Notice of this request was sent by the clerk’s office to Quigley, but no default was entered. On March 1st, Quigley filed his answer to Zusman’s cross-claim and on March 7th a motion to remove the default pursuant to Dist./Mun. R. Civ. P., Rule 55 (c) was allowed on March 12,1985 by the motion judge.
On a rehearing, the judge allowed the motion to remove default “contingent upon defendant furnishing bond in the amount of $9,000.00 within 30 days or default to remain.”
Thereafter Quigley filed a motion for reconsideration of the bond requirement accompanied by an affidavit that he is not “bondable” because the Internal Revenue Service has placed a lien upon his home, that it is “impossible to obtain a bond”, and “I cannot afford to post the bond....” Further he alleges valid defenses.
The judge denied, as discretionary, the motion to reconsider his order concerning the bond. Quigley requested the judge report his interlocutory order pursuant to Rule 64 (d).
The defendant claims to be aggrieved by the requirement of a $9000.00 bond to have the default removed.
*6 Rule 66(c) states: “For good cause shown the court may set aside an entry of default,. ..” The removal of a default rests in the sound discretion of the trial judge. Riley v. Davison Constr. Co., Inc., 381 Mass. 432 (1980); Silkey v. New England Tel., 9 Mass. App. Ct. 816 (1980); Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 1982 Mass. App.Div. 105 (1982) (affirmed 393 Mass. 287 [1984]).
There was no abuse of discretion in the judge’s determination to remove the default. It is not an abuse of discretion to grant a motion to remove a default conditioned on a defendant’s ability to pose an acceptable bond. Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289-290 (1984). However, the amount of the bond cannot be used to deprive a litigant access to the courts. See Paro v. Longwood Hospital, 373 Mass. 645 (1977); Damaskos v. Board of Appeals of Boston, 359 Mass. 55 (1971). To avoid constitutional problems arising from denying a person access to the legal system, see Denton v. Beth Israel Hospital, 392 Mass. 277 (1984), abond maybe required based upon a person’s financial ability. Burger Chef Systems, Inc. v. Servfast of Brockton Inc., supra.
In view of the defendant’s affidavits concerning his inability to post a $9000.00 bond and because no hearing was conducted on the defendant’s financial ability nor was there a finding on such ability, the order requiring the posting of a bond is set aside and the issue is sent back to the motion judge for a hearing am-finding on the defendant’s ability to post a bond.
So ordered.

 Prior to this suit, Action Communication, Inc. filed a petition under Chapter 7 of the Bankruptcy Code.