Staff, J.
In its simplest terms, the issue in this case is whether the trial judge erred in denying defendants’ Motion to Remove Default.
No affidavit was filed in support of this motion, see Dist./Mun. Cts: R. Civ. P., Rule 41(e), nor does the report indicate that an evidentiary hearing was held to provide a factual basis for the granting of the motion. The report itself is silent as to any facts forming the basis for the judge’s decision. The trial court is *184 not required to, and did not make findings of fact. Dist./Mun. Cts. R. Civ. P., Rule 52(a).
The denial of the motion in the case imports the findings of all facts necessary to sustain the trial court. Deluca v. Boston Elevated Railway, 312 Mass. 495, 499-500 (1942).
The decision to remove a default under Dist./Mun. Cts. R. Civ. P., Rule 55(c) is addressed to the sound discretion of the trial judge. Burger Chef, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984).
Since we have no facts to enable us to conclude that the trial judge abused his discretion, we find no error and dismiss the report.