LoConto J.
Theplaintiffsbroughtthisactionintortforfraudulentmisrepresentation and nondisclosure of the condition of the siding on the house they purchased from the defendants. The plaintiffs claimed to be aggrieved by the'Findings of Fact, Conclusions of Law and Order for Judgment that there was no fraudulent misrepresentation. At the close of the evidence the court responded to requests entitled ridings of law, as follows:
For the plaintiffs:
1. There was a fraudulent misrepresentation of material fact or opinion by the defendants.
Denied.
2. The fraudulent misrepresentation was made with the purpose of inducing the plaintiffs to buy the house located at 82 West Banks Court, Springfield, Massachusetts.
Denied.
3. The plaintiffs relied on the fraudulent misrepresentation and purchased the house from the defendants.
Denied.
4. The plaintiffs have suffered pecuniary loss by their justifiable reliance upon the misrepresentation.
Denied.
For the defendants:
1. Upon all the evidence, the defendants are entitled to judgment in their favor. Allowed.
2. As a matter of law, sellers who convey their residence as private individuals on a nonprofessional basis are not subject to M.G.Lc. 93A
Allowed.
3. Individuals selling their home are not engaged in trade or commerce for the purpose of invoking liability pursuant to M.G.Lc. 93A
Allowed.
4. The rule is well established that mere nondisclosure of defects by a seller of real property is not actionable.
Allowed.
The trial judge found that while viewing the property prior to its purchase, Helen Janis, mother of the plaintiff, Susan M. Jarvis, asked the defendant, Elizabeth *192 BeUefeuille, “whether or not the house had any warts... you know, problems as every house has.” The defendantresponded, “It’s a lovely house and we’ve been very happy here.” The trial judge found that the defendant did not make a direct representation to the plaintiff, that the reply was nothing more than a pleasantry and was not an answer and since no answer was given, no fact had been misrepresented. He ruled that no duty to disclose arose since the defendant’s response was not an incomplete answer but rather not an answer at all.
We are bound by the report which contains no evidence that the siding was defective; only that it had been replaced. Reynolds v. Pinto, 1986 Mass. App. Div. 6.
Notwithstanding, the mere nondisclosure of defects by the seller of real property is not actionable. Swinton v. Whitinsville Savings Bank, 311 Mass. 677 (1942). In addition, a homeowner who sells his house is not liable for bare nondisclosure where he is under no duty to speak. Henshaw v. Cabeceiras, 14 Mass. App. Ct. 255 (1982).
Therefore, we rule that the trial judge committed no error and order that the Report be dismissed.