Dolan, P J.
In this appeal, defendant alleges that the motion judge was in error in denying its motion to remove a default and vacate a default judgment. We find no error.
This is an action in contract, brought in 1985, in which the plaintiff seeks to recover for accounting services rendered to the defendant. Defendant timely filed a special appearance along with a motion to dismiss. No further action was taken on the case until December, 1989, when defendant was defaulted for failing to appear at court on a date scheduled by the court for a review of certain open civil cases. Although the court docket indicates that notice.to appear was sent to defendant, defendant alleges that such notice was not received. The court docket also reflects that notice of the default was mailed. This too, defendant alleges that it did not receive.
In January, 1990, damages were assessed and judgment entered. In May, 1991 defendant filed aDist./Mun. Cts. R. Civ. P., Rule 60(b) (6) motion to remove its default, vacate the judgment and stay the execution. This motion was addressed to the sound discretion of the motion judge and his decision will not be reversed on appeal save for abuse. Burger Chef Systems, Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984). In June, 1991, this motion was denied and this appeal followed.
At the hearing on the motion, defendant alleged that it had a meritorious defense. However, whatever that defense may be, it was not disclosed to the motion judge and has not been disclosed to this division. Afunction of the court is to resolve disputes. Delinquent persons must show that there is a legitimate dispute to be resolved by the court. Delinquent persons must establish that their claim or defense "has merit.” Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430 (1979); Town of Lancaster v. Foley, 15 Mass. App. Ct. 967, 968 (1983). Defendant made no such showing. There is no error.
Report dismissed.