Salinger, Kenneth W., J.
Aspen American Insurance argues for the first time in a postjudgment motion for reconsideration that it had a constitutional right to have a jury assess damages after Thomas Crowe was defaulted for not answering the complaint. This motion is unavailing. Aspen had no such right to a jury. But even if it did, Aspen would have waived that right when it chose to proceed with a non-juiy damages assessment hearing. A party cannot agree to try a matter to a judge and then demand a do-over before a jury if its evidence does not persuade the court.
Final judgment awarding Aspen nothing and dismissing this action with prejudice was entered on November 12, 2013. Although the facts admitted by Crowe’s default established that he was liable for causing damage to the property of Aspen’s insured, the Court found that Aspen failed to prove any damages. “[A] default merely establishes the truth of factual allegations and does not operate ‘as an absolute confession by the defendant of his liability and of the plaintiffs right to recover.’ ” Productora e Importadora de Papel S.A. de C.V. v. Fleming, 376 Mass. 826, 834 (1978), quoting Nishimatsu Constr. Co. v. HoustonNat’l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Since the damages claimed were not for a sum certain or susceptible of mathematical calculation, Aspen had the burden of proving its damages through competent evidence. See Jones v. Boykan, 464 Mass. 285, 293 (2013). Aspen submitted a terse affidavit asserting that Crowe had caused $58,147.51 in damage but not providing any explanation or foundation for this figure. The Court concluded that the affiant’s opinion was entitled to no weight.
Aspen now moves for reconsideration on the ground that the Court’s order and the judgment of dismissal are “plainly erroneous because” they have “deprived the plaintiff of its inviolable right to trial by jury guaranteed under the Massachusetts Constitution, Part I, Article XV, and Mass.R.Civ.P. 38(a).” This is a motion for relief from the judgment under *561 Mass.R.Civ.P. 60(b)(1). It was not filed until December 3, 2013, and thus cannot be a Rule 59(e) motion. The Court must deny the motion for reconsideration because its prior decision “was not a ‘mistake’ within the meaning of Rule 60(b)(1).” See Charles Choate Mem. Hosp. v. Commissioner of Pub. Welfare, 13 Mass.App.Ct. 1080 (1982) (rescript).
By rule, “a party’s right of trial by jury on assessment of damages following a default judgment is available only ‘when and as required by statute.’ ” Silkey v. New England Tel. & Tel Co., 9 Mass.App.Ct. 816, 398 N.E.2d 508 (1980), quoting Mass.R.Civ.P. 55(b)(2). Aspen makes no claim that any statute required that damages be assessed by a jury after Crowe’s default.
Rule 55(b)(2) is constitutional. The Seventh Amendment to the United States Constitution does not “require a jury trial to assess damages after entry of default in these circumstances.” Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999); accord, e.g., Brown v. Ban Braam, 3 U.S. 344, 355 (1797) (“Where judgment is by default, the court may give the damages” without a jury); Dierschke v. O’Cheskey, 975 F.2d 181, 185 (5th Cir. 1992) (“in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages” (quoting 5 Moore’s Federal Practice §38.19(3] (1992)). Aspen points to nothing in the language of art. 15 of the Declaration of Rights or in any appellate decision construing that provision that would provide Aspen with a broader jury trial right in this context. Cf. Doherty v. Retirement Bd. of Medford, 425 Mass. 130, 137 (1997) (Seventh Amendment jurisprudence “is instructive” in construing art. 15); Freeman v. Wood, 379 Mass. 777, 783 (1980) (noting that Seventh Amendment is “probably a more stringent provision than art. 15”).
In any case, Aspen waived any right to a jury by asking the Court to assess damages. Aspen originally demanded a trial by jury in its complaint. Once Crowe was defaulted, however, Aspen sought a non-jury damages assessment hearing. By so doing Aspen waived its prior jury demand. See Walcott v. O’Connor, 163 Mass. 21 (1895) (where party demands jury trial but later proceeds without objection “to a trial of the case by the court without a jury,” party waives right to jury); Henderson v. D’Annolfo, 15 Mass.App.Ct. 413, 425 n.16 (1983) (same).
ORDER
Plaintiffs motion for reconsideration is DENIED.