ADOPTION OF HANNA.[1]

No. 92-P-347.

Hampden. September 14, 1992. - November 10, 1992.

Present: KASS, SMITH, & PORADA, JJ.

*Adoption*, Dispensing with parent's consent. *Due Process of Law*, Notice.

A judge properly denied a mother's motion for leave to file late objections to the allowance of a petition to dispense with her consent to the adoption of her minor child, where the notice imparted to the mother was constitutionally adequate and where the judge found no basis for her claim that her lack of command of English prevented her from understanding the citation. [543-544]

Discussion of the procedure to be followed by a Probate Court judge in considering an uncontested petition to dispense with the need for parental consent to the adoption of a minor child. [544-546]

In an uncontested proceeding by the Department of Social Services to dispense with the need for a mother's consent to the adoption of her minor child, the facts set forth in the petition and the adoption plan were sufficient for the department to meet its burden by establishing a prima facie case that the mother was currently unfit to care for the child and that the allowance of the petition was in the child's best interests. [546]

PETITION filed in the Hampden Division of the Probate and Family Court Department on July 27, 1990.

A motion for leave to file a late objection to the petition was heard by *Marie E. Lyons*, J., and the case was considered by her.

*Robert J. Danie* for the mother.

*M. Francisco Palomo* for Department of Social Services.

PORADA, J. This is an appeal by the mother from the allowance of an uncontested petition to dispense with the consent to adoption of her daughter. The mother asserts the judge erred in denying her motion to file objections late to

---

[1]We use a pseudonym.

the petition and in finding her unfit based on insufficient evidence and improper procedures.[2] We affirm the judgment.

We summarize the pertinent procedural history. The Department of Social Services (department) filed a petition to dispense with the consent to adoption of the child on July 27, 1990. On August 27, 1990, in-hand service of the citation was made upon the mother at the Massachusetts Correctional Institution at Framingham, where she was held awaiting trial on an arson charge. No objections to the petition were filed by the return day of September 13, 1990. On November 23, 1990, the mother filed a motion for leave to file a late objection to the petition, which was denied after a hearing. On December 4, 1990, the judge allowed the department's petition, without a hearing, based solely on the adoption plan presented. On December 10, 1990, the mother then filed motions for relief from judgment and for a new trial, which were denied.

1. *Motion for leave to file a late objection.* The mother asserts that the judge erred in denying her permission to file her objections to the petition after the return date. She argues that since she had a minimal command of the English language, the citation in English served upon her did not provide her with meaningful notice of the proceeding. The appropriateness of serving an English language notice upon a Spanish speaking person was exhaustively considered by the Supreme Judicial Court in *Commonwealth v. Olivo*, 369 Mass. 62, 68-71 (1975). In *Olivo*, the court held that where a person receives actual notice which would be constitutionally sufficient if the person were not under a disability, the notice will be deemed constitutionally sufficient if "(1) it would put a reasonable person on notice that inquiry is required, (2) further inquiry would reveal the facts necessary to understand the nature of the proceeding and the opportu-

---

[2]The mother also claims that the judge erred in denying her motion for a new trial on the ground that the judge abused her discretion in denying the mother the right to contest the petition. Having concluded that the judge did not abuse her discretion in rejecting the mother's belated opposition to the petition, we conclude there is no merit to this claim of error.

nity to be heard, and (3) the party's disability does not render him incapable of understanding the need for such inquiry." *Id.* at 69.

Applying this rule to this case, we conclude that the citation received by the mother was constitutionally adequate. Its format and its delivery in hand to the mother were sufficient to put a reasonable person on notice that further inquiry was required. *Id.* at 70. Her lack of command of the English language would not have prevented her from understanding the need for further inquiry, which would indeed have informed the mother of the procedural steps necessary to protect her right to be heard. Moreover, after a hearing, the judge found that the mother's claim that she lacked an understanding of the citation based on language difficulty was completely unfounded and that the mother indeed had been advised by an attorney of the need to file an objection to the petition by the return day.

2. *Sufficiency of the evidence and procedures.* Since the judge treated the petition as uncontested, she allowed it without a hearing based solely on the petition and the adoption plan filed with the court. The mother asserts that the adoption plan did not contain sufficient facts for the court to make a determination of the mother's unfitness and that the judge should have held a hearing and issued findings to support her decision.

General Laws c. 210, § 5, provides that if, after the prescribed notice, a person whose consent is required does not appear and object to the adoption, the court may act upon the petition without his consent subject to his right of appeal. The Legislature, however, has not prescribed the procedure to be followed by the court in allowing an uncontested petition. This omission is addressed by Uniform Probate Court Practice Xa(5), as amended (1989), which provides as follows:

"If the matter is uncontested, the court should notify the petitioners within fourteen (14) days after the return day and require presentation of the petition with an adoption plan within thirty (30) days after the re-

turn day. (See U.P.X concerning adoption plans.) The petitioner must submit a prima facie case, either written or by representation, unless the circumstances require otherwise."

While it is clear that under the Uniform Probate Court Practices the petitioner must present a prima facie case for the allowance of an uncontested petition, the manner of the presentation is unclear.[3] The department likens the submission of a "prima facie case" under Practice Xa(5) to the practice under Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), when a party fails to plead or otherwise defend against a civil action. Under Mass.R.Civ.P. 55(b), upon default, the factual allegations of a complaint are accepted as true and recovery may be granted where those facts are sufficient to establish a cognizable claim. See *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming*, 376 Mass. 826, 833-835 (1978); *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. 333, 334-335 (1988). Since the facts in an uncontested proceeding are accepted as true, we agree with the department that neither a hearing nor findings are required under Practice Xa(5) and that a petitioner may meet its burden of establishing a prima facie case by setting forth sufficient factual allegations in its petition and adoption plan to establish the parents' current unfitness and that adoption is in the best interests of the child. We also conclude that Practice Xa(5) contemplates that in most cases the petition and the adoption plan under Uniform Probate Court Practice X should be supplemented by a written report from reliable sources or by other means to insure that the court has in its possession sufficient credible facts to make a determination of the parents' fitness and the best interests of the child. We also recognize that given the importance of this type of pro-

---

[3] We have been advised by the department that the practice varies among the Probate and Family Courts of this Commonwealth. As a result, we suggest that Uniform Probate Court Practice Xa(5) may well merit review by the Probate and Family Court Department.

ceeding, a judge may wish to hold a hearing wherein the petitioner is required to present evidence.

In this case, we determine that the facts set forth in the petition and adoption plan, without more, were sufficient to establish a prima facie case of the mother's current unfitness to care for the child and that the allowance of the petition was in the best interests of the child. *Petition of Dept. of Social Servs. to Dispense with Consent to Adoption*, 392 Mass. 696, 700 (1984). *Adoption of Sarah*, 31 Mass. App. Ct. 906, 907 (1991). The adoption plan established that the mother has been engaged in substance abuse since 1985. In June 1985, after the police found a large supply of heroin in her apartment, the mother was arrested and charged with possession with intent to distribute heroin. The child was present in the apartment when the police found the supply of heroin. In March, 1988, the mother gave birth to another child. At the time of birth of this child, she admitted to having had no prenatal care and to the use of heroin twenty-four hours before birth. After a report to the department in March, 1989, that the mother and her children were living in an apartment where drugs were sold and the children were exposed to incidents of drug related violence, the department filed a care and protection petition and obtained custody of the child. At that time, the mother indicated that if the department continued to interfere with her custody of her children, she would kill them or send them to Puerto Rico. In July, 1989, the mother was arrested for arson and at the time of the presentation of the petition to the court was incarcerated at the Massachusetts Correctional Institution at Framingham. The mother has repeatedly made herself unavailable to the department and resisted any attempt to secure her cooperation with the department.

The child has been in the care of the same foster parent since May 25, 1989. Before being placed in the custody of the department, the child had not attended school, even though she was almost seven years of age. The child is currently in good health, although she undergoes weekly therapy because of behavior problems and past neglect.

In sum, we conclude that the facts set forth in the petition and adoption plan were sufficient to demonstrate that the mother's "grievous shortcomings or handicaps . . . would put the child's welfare in the family milieu much at hazard." *Petition of the New England Home for Little Wanderers to Dispense with Consent to Adoption*, 367 Mass. 631, 646 (1975).

*Judgment affirmed.*