Roseman, J.
I. Background
This case was before the court on December 17, 1996 for a damage assessment hearing on the plaintiffs claim for breach of contract for legal services.[1] The plaintiff seeks two items of damage: first, $15,109.22 as his fee plus disbursements due under a contract in representing the defendant in her divorce proceeding;[2] second, $12,632.18 as his costs of collection.
For reasons which follow, the court rules that the plaintiff is entitled to $15,067.09 as the balance of his fee and disbursements, but disallows his claim for reasonable costs of collection, holding that the clause in the contract providing for the same is unenforceable. The court further rules that plaintiff is entitled to an attorney’s lien against the assets received pursuant to judgment by the defendant in the divorce proceeding.
*366 II. Discussion
A. The Fee for Legal Services
A contract entered into between an attorney and client before the attorney-client relationship is established is prima facie valid and binding. McInerney v. Massasoit Greyhound Assoc., Inc., 359 Mass. 339, 352 (1971). The only questions that remain are the amount of the claim and whether it is fair and reasonable. See First National Bank of Boston v. Brink, 372 Mass. 257, 264-65 (1977); Beatty v. NP Corp., 31 Mass.App.Ct. 606, 611 (1991).
1. The Amount of the Claim
As the defendant was defaulted on' the breach of contract claim, the factual allegations in the plaintiffs complaint constituting liability are taken as true. See Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834-35 (1978); Adoption of Hanna, 33 Mass.App.Ct. 542, 545 (1992). The plaintiffs allegations as to the hours spent and the expenses incurred in the course of representing the plaintiff in her divorce are thus established. The plaintiff has produced detailed billing records showing the amount owed exclusive of interest is $15,067.09.
2. Fairness and Reasonableness
The court has inherent equitable power to pass upon the reasonableness of counsel fees charged in connection with any matter before it. Baumrin v. Cournoyer, 448 F.Supp. 225, 228 (D.Mass. 1978). See Brink, 372 Mass. at 264-67; Beatty, 31 Mass.App.Ct. at 611. A judge may determine the amount an attorney is due for legal fees and expenses, “even though no witness appraised the value of such services and expenses at [a] particular amount.” Ryder v. Warren, 295 Mass. 24, 28 (1936).
Supreme Judicial Court Rule 3:07, DR2-106 (1995) states;
A lawyer shall not enter into an agreement for, charge, or collect a . . . clearly excessive fee ... A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence, experienced in the area of the law involved, would be left with a definite and firm conviction that the fee is substantially in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following;
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the
lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.[3]
Considering these factors, the court finds that the plaintiffs rate of $200 per hour, provided for in paragraph 2 of the contract, is fair and reasonable. In particular, the court finds that the underlying divorce case was a difficult one, the plaintiff performed the services he claimed he performed, and he represented the defendant in a competent manner. The plaintiff is entitled to the unpaid balance of his fee in sum of $15,067.09.
B. Reasonable Costs of Collection
Massachusetts law allows recovery of attorneys’ fees pursuant to contract. Fuss v. Fuss, 372 Mass. 64, 70 (1977); Bournewood Hosp., Inc. v. Massachusetts Comm'n Against Discrimination, 371 Mass. 303, 311-12 (1976). However, “attorney-client fee arrangements are a matter of special concern to the courts and are enforceable and affected by lofty principles different from those applicable to commonplace commercial contracts.” Matter of Cooperman, 83 N.Y.2d 465, 472, 633 N.E.2d 1069 (1994). That this principle applies in Massachusetts is implicit in the many cases in which the courts of the Commonwealth have considered the reasonableness of attorney-client fee arrangements. See, e.g., First National Bank of Boston v. Brink, 372 Mass. 257 (1977); Beatty v. NP Corp., 31 Mass.App.Ct. 606 (1991).
Paragraph 9 of the contract states: “The Client will pay on demand all costs and expenses of the Attorney, including reasonable attorneys fees and costs, incurred in the collection of any unpaid bills for fees or expenses.” The plaintiff produced documentation showing that his costs of collection amounted to $12,632.18. The question, however, is whether Paragraph 9 is enforceable. This court is not aware of any Massachusetts case passing upon the enforceability of such a contractual provision and approaches it as a matter of first impression.
The practice of law before the bar of the Commonwealth is a regulated activity, Supreme Judicial Court Rule 3:01, et seq, and is subject to discipline by the Supreme Judicial Court. See, e.g., Matter of Tobin, 417 Mass. 92 (1994); Matter of Kerlinsky, 406 Mass. 67 (1989). Disciplinary Rule 2-106, supra, does not provide for reimbursement, though contracted for, to the attorney of costs of collection of a reasonable fee from a defaulting client. Viewing DR 2-106 as inclusive of the subject matter and limiting itself to the language of the rule, this court holds that such a provision is unenforceable.
Further, this court has reservations about the wisdom of a rule permitting enforceability of such a provision in the circumstance of prospective represen *367 tation of a party in a divorce action. First, bargaining in that context may find the prospective client uncounselled and unfamiliar with practice, or the absence of practice, in regard to that kind of matter. Second, it may inter] ect at the outset an unnecessary adversarial tone. Third, the attorney may condition his appearance on receipt of an adequate retainer. Fourth, there is at least the potential to employ such a provision to discourage, if not deter, the client from contesting the reasonableness of the claim, unliquidated in nature (contrast the commercial note in which such a provision often appears), should dispute occur.
C. Attorney’s Lien
G.L.c. 221, §50 states: “From the authorized commencement of an action, counterclaim or other proceeding in any court, . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client’s cause of action, counterclaim or claim, upon the judgment, decree or other order in his client’s favor entered or made in such proceeding, and upon the proceeds derived therefrom... [I]f the proceeding is not pending in a court, the superior court[] may determine and enforce the lien . . .” See Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 244 (1993). As the defendant obtained a judgment in her divorce action, the plaintiff is entitled to a lien against assets obtained by the defendant pursuant to that judgment (Essex Probate Docket No. 94D 2115 DV1). The lien will be in the amount of $15,067.09.
ORDER
Accordingly, it is ORDERED that judgment enter for plaintiff in the amount of $15,067.09, and that a lien in this amount be placed on the assets obtained by the defendant in her divorce action, Essex Probate Docket No. 94D 2115 DV1.

 The defendant was defaulted on the issue of liability on September 24, 1996.

 Nhe plaintiffs invoices show that he billed the defendant $25,931 for professional services, $1,336.09 for disbursements, and $42.13 for interest on overdue balances, for a total of $27,309.22. Of this amount, the defendant paid $12,200, leaving the $15,109.22 balance sought in this action. Excluding interest the balance is $15,067.09.

 Nhese factors apply whether it is a judge or jury making the determination of a fair and reasonable fee. See Perkins v. Blake, 3 Mass.App.Ct. 415, 418 (1975).