NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-575

TOWN OF EASTON & another[1]

vs.

EASTON MHC, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant Easton MHC, LLC (EMHC), appeals from a Superior Court judge's order, entered March 27, 2023, that (1) struck EMHC's appeal of an interlocutory order authorizing the sale of Easton Mobile Home Park; and (2) required EMHC to post an appeal bond, in the event that EMHC chose to appeal from entry of a final judgment, in the amount of $2,000,000.  We affirm.

Background.  We summarize the relevant procedural history.[2] On March 16, 2018, the Town of Easton and the Town of Easton Rent Control Board filed a civil action against EMHC seeking, inter alia, the appointment of a receiver for Easton Mobile Home Park to address the park's environmental health, safety, and

_____

[1] Town of Easton Rent Control Board.

[2] Our review of the claims is hampered somewhat by the incomplete record provided on appeal.

infrastructure issues. On January 2, 2020, a Superior Court judge appointed a receiver to determine the economic status of the park, manage and operate the park, and determine how to resolve the park's myriad issues including the economic feasibility of the continued operation of the park. The receiver determined that selling the park was the best way to address the park's "operational and infrastructure issues." Following the court's establishment of bid procedures for the sale, an auction was held on April 5, 2022, at which Crown Communities LLC (Crown) "was the high bidder, extending an increased cash payment offer of $705,000.00 and [an] infrastructure repair commitment." On June 15, 2022, a Superior Court judge issued an order authorizing the receiver to sell the park pursuant to the asset purchase agreement between Crown and the receiver.[3]

On July 5, 2022, EMHC filed a notice of appeal challenging the order authorizing the sale, as well as an emergency motion

---

[3] Following the auction, on May 20, 2022, counsel for interested party Easton Mobile Homeowners Association, Inc., notified the receiver that it was exercising its right of first refusal to purchase the property pursuant to G. L. c. 140, § 32R. However, a Superior Court judge determined that the Homeowners Association "ha[d] not successfully exercised its right of first refusal" under the statute and ordered the receiver to effectuate the asset purchase agreement with Crown.

to stay the order.[4]  On February 9, 2023, the receiver filed a

motion to require EMHC to post a bond to pursue the appeal.  On

March 9, 2023, a hearing was held on the bond request.  On March

27, 2023,[5] a Superior Court judge issued a memorandum and order

striking EMHC's July 5, 2022, appeal of the sale order because

it "was never addressed nor perfected," and requiring EMHC to

post a $2,000,000 bond should EMHC "appeal from the entry of

judgment."  In issuing the bond order, the court explained that:

> "The [mobile home] park is in dire need of repairs to vital
> infrastructure . . . which affect the health and safety of
> the park residents as well as the general community.  The
> repairs are costly, approximated at two million dollars.
> They are also necessary to achieve compliance with
> regulatory orders issued by town commissions and boards.
> Additionally, where the issue has arisen, the relative
> merits, or lack thereof, of the previously filed appeals and
> now a contemplated appeal have been reviewed, at least
> preliminary, unfavorably. . . .  If the infrastructure
> systems fail and the sale does not go through, the

---

[4] On July 15, 2022, Easton Mobile Homeowners Association, Inc., filed a petition for interlocutory review of the June 15, order authorizing the sale.  On July 21, 2022, a single justice of this court denied the petition "on the grounds that a review of the record reveals no clear error of law or abuse of discretion."  To the extent that EMHC alleges that an error in the single justice's order caused confusion that precluded EMHC from perfecting its July 5, 2022, appeal, we disagree.  As the judge noted at the March 9, 2023, bond hearing, discussed infra, this mistake does not change the fact that EMHC did not "docket[] the appeal timely" and made no effort to perfect its appeal.

[5] At the March 9, 2023, hearing, counsel for EMHC represented that EMHC filed a notice of appeal "which has been kind of hanging out there I guess if you will," but that the appeal had not been docketed in the Appeals Court.  He later represented at the same hearing that EMHC had filed "an interlocutory appeal on an order to sell the park."

homeowners bear the risk and expense associated with repairs, and if unable to do so, the park faces closure, displacing residents."

For these reasons, the court determined that the circumstances warranted "the exercise of equitable discretion . . . to require the posting of an appeal bond in the requested amount of two million dollars."  The court also directed that "final judgment in favor of the [p]laintiffs on their complaint for equitable relief" be entered, and judgment entered accordingly on March 28, 2023.

On April 11, 2023, EMHC filed a notice of appeal of the Superior Court's March 27, 2023, order.  EMHC challenges the court's decision to strike its July 5, 2022, appeal and the amount of the appeal bond.[6]

Discussion.  1.  Appeal dismissal.  EMHC argues that the Superior Court abused its discretion in striking its July 5, 2022, appeal.  This claim is without merit.  "[I]n the appellate review of a decision to dismiss an appeal, '[w]e apply the abuse of discretion standard to determine whether the judge was warranted in dismissing the appeal.'"  Scheuer v. Mahoney, 80

---

[6] EMHC did not notice an appeal from the final judgment. This being the case, the judgment is not before us.  See DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018) ("timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal").

4

Mass. App. Ct. 704, 708 (2011), quoting Spivey v. Neitlich, 59 Mass. App. Ct. 742, 744 (2003).

"The appellate rules 'put the responsibility for expediting the appeal squarely on the appellant.'" Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 256-257 (2014), quoting Mailer v. Mailer, 387 Mass. 401, 407 (1982). "[T]he initial filing of a notice of appeal is only a preliminary 'foot in the door.'" Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 330 (2002). Once a notice of appeal is filed, it is the appellant's burden "to pursue his appeal, and to provide an adequate record for his appeal" (quotation omitted). Scheuer, 80 Mass. App. Ct. at 708.

Rule 9 (d) (1) of the Massachusetts Rules of Appellate Procedure, as appearing in 481 Mass. 1615 (2019), states that an appellant shall "perform any act reasonably necessary to enable the clerk to assemble the record." See Adoption of Simone, 427 Mass. 34, 45 (1998) (construing former rule). Furthermore, rule 8 (b) (1) of the Massachusetts Rules of Appellate Procedure, as appearing in 481 Mass. 1611 (2019), "enumerates actions the appellant needs to take if he needs any part of the electronic recording of the lower court proceeding to be transcribed and assembled for his appeal." See Adoption of Simone, supra (construing former rule). In Adoption of Simone, the Supreme Judicial Court discussed an appellant's failure to comply with the Appellate Rules:

5

> "The [appellant] repeatedly failed to take the steps outlined in [former] rule 8 (b) (3) [now rule 8 (b) (1)] in a timely manner. Consequently, a trial transcript was not ready. . . . The [appellant] offers no justification or explanation for the delay. . . . The judge's dismissal of the . . . appeal for the reason of her failure to comply with [former] rule 9 (c) (1) [now rule 9 (d) (1)] was clearly warranted."

Adoption of Simone, 427 Mass. at 45. If an appellant fails to perfect its appeal, a trial court has authority to dismiss the appeal, Mass. R. A. P. 10 (c), as appearing in 481 Mass. 1618 (2019), regardless of whether a motion to dismiss the appeal was brought. See State Realty Co. of Boston, Inc. v. MacNeil Bros. Co., 358 Mass. 374, 379 (1970).

Here, EMHC's July 5, 2022 appeal "was never addressed nor perfected." While the docket indicates that transcripts were ordered pursuant to Mass. R. A. P. 8 (b) (1), there is no indication that the Superior Court clerk received the transcripts or that the record was assembled. Instead, the docket is silent concerning EMHC's July 5 appeal for five months until the receiver moved to set the appeal bond on February 9, 2023. See Adoption of Simone, 427 Mass. at 45. Notably, EMHC points to nothing in the record that suggests it did anything to prosecute or perfect its interlocutory appeal, and thus we cannot say that the judge abused his discretion in striking the appeal. See id.

2.  Bond amount.[7]  EMHC also contends that the $2,000,000 appeal bond is punitive and is not supported by the facts of the case.  We disagree.  "Where a trial judge is authorized to condition relief upon the posting of a bond, the amount of the bond is a matter committed to his discretion."  Burger Chef Sys., Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 291 (1984).  "'[A]ll aspects of the case and of the respective interests of the parties, appropriate for the consideration of a court of equity in granting or denying discretionary relief, may be taken into account . . .' in setting the amount to be posted.  Id., quoting Damaskos v. Board of Appeal of Boston, 359 Mass. 55, 64 n.9 (1971).  An appellate court will reverse a discretionary decision of a lower court only where it determines that the lower court "made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

This "is not a case where the bond is set at an amount far in excess of that to which the plaintiff seems reasonably entitled."  Burger Chef Sys., Inc., 393 Mass. at 291 n.7.  Here, the judge's March 27, 2023 memorandum and order reflects

_____

[7] EMHC only challenges the bond amount on appeal, not the court's authority to set the bond.

7

appropriate consideration of the "aspects of the case" and "the respective interests of the parties" (quotation omitted).  <u>Id</u>. at 291.  Specifically, the judge discussed the conditions of the mobile home park and considered the estimated repair costs.  He also noted the risks that a delay in effectuating the sale posed to the park residents.  Finally, the judge emphasized that EMHC "had and availed [itself] of the opportunity to state [its] . . . positions . . . [and its] oppositions were determined to have little merit."  Given the record before us, the judge's decision to set a $2,000,000 appeal bond does not "fall[] outside the range of reasonable alternatives."[8]  <u>L.L.</u>, 470 Mass. at 185 n.27.  Thus, the judge acted within his discretion.[9]

<u>Conclusion</u>.  For the foregoing reasons, we affirm the Superior Court's order striking EMHC's July 5, 2022 notice of

---

[8] Counsel for EMHC acknowledged at oral argument that "the purchase and sale agreement says . . . it's probably a couple million dollars to [repair the park] . . . is it off the mark? Probably not."

[9] The only authority cited by EMHC to support its claim that the appeal bond is punitive, <u>Bank of N.Y. Mellon</u> v. <u>King</u>, 485 Mass. 37 (2020), is inapposite.  <u>Bank of N.Y. Mellon</u> analyzes the appeal bond provisions in the summary process statute; it does not discuss appeal bonds in general or those that are issued pursuant to equity principles.

appeal and setting the appeal bond at $2,000,000.[10]

> Order entered March 27, 2023, striking notice of appeal and setting appeal bond, affirmed.
>
> By the Court (Meade, Neyman & Hand, JJ.[11]),

*[signature]*

Assistant Clerk

Entered:  June 10, 2024.

---

[10] Our decision is limited to the unique facts and procedural posture of the present case.

[11] The panelists are listed in order of seniority.