MARION PARSLOW *vs.* PILGRIM PARKING, INC. May 12, 1977. This is an action to recover damages for personal injuries sustained by the plaintiff who, after parking her car in the defendant's garage, was accosted by a stranger in the garage. The stranger forced the plaintiff to leave the garage at gunpoint and subsequently raped her. The defendant appeals from the denial of its (1) motion for a directed verdict, (2) requests for instructions to the jury, (3) motion for judgment notwithstanding the verdict and (4) motion for a new trial. 1. As the defendant's motion for a directed verdict did not state the specific grounds therefor, the defendant cannot on appeal complain of the denial of the motion. Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974). *Moy* v. *Jack Madden Ford Sales, Inc.* 4 Mass. App. Ct. 102, 107-108 (1976). We cannot say that the defect was cured by the defendant's oral argument on the motion or by its trial brief, as neither matter was made part of the record. Contrast *Fortune* v. *National Cash Register Co.* 4 Mass. App. Ct. 386, 386, n.1 (1976), and cases cited therein, further appellate review granted, 370 Mass. 868 (1976). Moreover, "[t]he jury could have found that the plaintiff was a business invitee to whom the ... owner owed a duty to 'use reasonable care to keep the premises in a reasonably safe condition for the ... [invitee's] use.'" *Spring* v. *Foodmaster Super Mkt. Inc.* 2 Mass. App. Ct. 808 (1974). The jury could also have found that the defendant's security guards, while making their normal rounds, would have had a sufficient opportunity to observe the plaintiff's assailant who, the plaintiff testified, had been loitering in the garage when she parked her car, twenty-five minutes prior to the time she had returned to the garage and was assaulted. Compare *Rawson* v. *Massachusetts Operating Co. Inc.* 328 Mass. 558, 560 (1952). The judge did not err in permitting the jury to determine whether the owner of the garage took reasonable steps to protect its patrons from injury caused by the foreseeable acts of third persons, even if those acts were intentional. *Carey* v. *New Yorker of Worcester, Inc.* 355 Mass. 450, 452-453 (1969). *Allenby* v. *M. & C. Enterprises, Inc.* 3 Mass. App. Ct. 790 (1975). Restatement (Second) of Torts § 344 (1965). Cf. *Hale* v. *Massachusetts Parking Authy.* 358 Mass. 470, 472

(1970). 2. The record does not indicate that the defendant objected to the judge's instructions to the jury. Therefore, the question whether the judge's instructions were proper cannot be raised on appeal. Mass. R.Civ.P. 51(b), 365 Mass. 816 (1974). *Kaltsas* v. *Duralite Co. Inc.* 4 Mass. App. Ct. 634, 639 (1976). 3-4. The defendant does not argue on appeal that the judge erred in denying its motions for judgment notwithstanding the verdict and for a new trial. We therefore treat these issues as having been waived. Mass.R.A.P. 16(a)(4), as amended effective February 24, 1975, 367 Mass. 921.

> *Order denying motions for judgment notwithstanding the verdict and for new trial affirmed.*

> *Judgment affirmed.*

*Richard P. Kelleher* for the defendant.
*Eugene L. Rubin* for the plaintiff.