SWERLING-GINSBERG-LYNN ADJUSTERS, INC. *vs.* D & E REALTY CO., INC., & another. December 14, 1982. In this action on a contract there was a verdict for the plaintiffs, but judgment was entered for the defendants notwithstanding the verdict. At the close of the plaintiff's case, the defendants filed a motion to dismiss which we shall regard as one for a directed verdict. The judge did not deny that motion but told the defendants to "give it to me at the close of the evidence." The defendants then presented their case through three witnesses. There is no indication in the record that the defendants gave the motion to the judge as suggested or that they in any way attempted to renew it. That left the record clear of any motion at that point. *Martin* v. *Hall*, 369 Mass. 882, 884 (1976). Assertions in the brief are unavailing unless supported by the record. *Currens* v. *Assessors of Boston*, 370 Mass. 249, 253-254 (1976). *Parslow* v. *Pilgrim Parking, Inc.*, 5 Mass. App. Ct. 822 (1977). The defendants filed their motion for judgment notwithstanding the verdict within the time

allowed by Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974), and it was subsequently allowed. The motion was not properly before the court and should not have been allowed. Rule 50(b), by its own terms, limits such motions to "whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted . . . ." See *King* v. *G & M Realty Corp.*, 373 Mass. 658, 659 n.3 (1977); Smith & Zobel, Rules Practice §§ 50.12, 50.14 (1977); 9 Wright & Miller, Federal Practice and Procedure § 2537 (1971). While courts may take a liberal view of what constitutes a sufficient prerequisite for a motion for judgment (see *id.* § 2537, n.32 and the *King* case *supra*), the facts in this case do not on any view excuse the failure to meet the requisites of rule 50(b).

Even were we to reach the merits, we would not subscribe to the defendants' interpretation of G. L. c. 175, § 172, as amended by St. 1941, c. 703.

The judgment is reversed, and judgment is to be entered on the jury's verdict.

*So ordered.*

*Burton Winnick (Mark David Modest* with him) for the plaintiff.
*Alan H. Aaron* for the defendants.