Daniel J. Parks *vs.* Barbara C. Johnson. No. 97-P-1953. December 28, 1998. *Practice, Civil,* Record, Appeal, Frivolous action.

1. *Jury instructions.* For purposes of this appeal, we have assumed, as the defendant does in her appeal, that Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974), was applicable in the small claims jury-of-six trial below. See G. L. c. 218, § 23, fourth par.; Rule 10(b) of the Uniform Small Claims Rules, as amended (1987). As the record stands, there was no objection to the jury instructions, and we decline to reach the merits of the defendant's arguments concerning the allegedly deficient jury instructions. See *Callahan* v. *A. J. Welch Equip. Corp.*, 36 Mass. App. Ct. 608, 612 (1994); *Read* v. *Mt. Tom Ski Area, Inc.*, 37 Mass. App. Ct. 901, 901 n.1 (1994). A sidebar colloquy following the charge was characterized as inaudible in the record. The defendant, who is the appel-

lant, did not attempt to file a statement of the proceedings or to correct or supplement the record to reflect the substance of the colloquy. See Mass. R.A.P. 8(c) — (e), as amended, 378 Mass. 933 (1979). Thus, to the extent that the appellant claims that she objected to the jury instructions and requested curative instructions during that sidebar conference, such assertions are unavailing because they are not supported by the record. See *Sweling-Ginsberg-Lynn Adjusters, Inc.* v. *D & E Realty Co.*, 15 Mass. App. Ct. 908 (1982). It was the appellant's burden to provide us with an adequate record demonstrating that the issues had been preserved. *Burda* v. *Spencer*, 28 Mass. App. Ct. 685, 688 (1990).

2. *Sufficiency of the evidence.* Contrary to the defendant's assertions, the evidence, read in the light most favorable to the plaintiff, supported the finding that the defendant agreed to, or authorized, the many changes to the original contract. See *Shear* v. *Gabovitch*, 43 Mass. App. Ct. 650, 671 (1997). By her words and conduct, the defendant impliedly waived the provision of the contract requiring all changes to be in writing. See *Worcester Air Conditioning Co., Inc.* v. *Commercial Union Ins. Co.*, 14 Mass. App. Ct. 352, 357 (1982). The defendant, although a lawyer, seems to overlook that an appellate court does not retry the facts.

3. *G. L. c. 93A, § 9, counterclaim.* There was ample basis in the record for the judge's finding that there had been no G. L. c. 93A violation. See *Asian Am. Civic Assn.* v. *Chinese Consol. Benevolent Assn. of New England, Inc.*, 43 Mass. App. Ct. 145, 153 (1997).

4. *Other.* We have considered all the issues raised by the appellant. The appeal is frivolous and, therefore, the plaintiff is to have double his costs on appeal and penalty interest shall be assessed on the judgment.

> *Judgment affirmed with double costs*
> *and penalty interest.*

The case was submitted on briefs.

*Barbara C. Johnson*, pro se.

*Daniel J. Parks*, pro se.