LISA TASNEY SPIVEY & others[1] vs. DAVID E. NEITLICH.

No. 01-P-767.

Norfolk. January 14, 2003. - October 27, 2003.

Present: RAPOZA, KASS, & DOERFER, JJ.

*Practice, Civil,* Dismissal of appeal, Failure to prosecute, Assembly of record.

The judge in a civil action properly dismissed the defendant's appeal pursuant to Mass.R.A.P. 10(c), as amended, 417 Mass. 1602 (1994), for failure to prosecute, where, given the defendant's repeated failure to respond to the Probate Court appeals clerk's requests pursuant to Mass.R.A.P. 9(c)(1), as amended, 378 Mass. 936 (1979), to provide the transcript of the proceedings, and given that the defendant had had a tape of the first day of the proceedings in his possession for months, the defendant's filing of a motion for an extension of time to file the transcript two days before the deadline given by the appeals clerk in a predismissal notice did not satisfy the requirements of Mass.R.A.P. 8(c), as amended, 378 Mass. 932 (1979), for filing a statement of the evidence when a transcript is unavailable. [745-746]

The facts articulated by the judge in her order of dismissal pursuant to Mass. R.A.P. 10(c), as amended, 417 Mass. 1602 (1994), of the defendant's appeal in a civil action for failure to prosecute were sufficient to support a finding of inexcusable neglect as required by the rule; moreover, the defendant's filing of a motion for an extension of time to file the transcript of the first day of trial two days before a deadline for dismissal, after months of neglecting his responsibilities as appellant, did not constitute compliance within the meaning of the rule. [746-747]

CIVIL ACTION filed in the Norfolk Division of the Probate and Family Court Department on August 17, 1999.

The case was heard by *Eileen M. Shaevel,* J., and a motion to dismiss the appeal, filed on October 23, 2000, was also heard by her.

*Stephen C. Maloney* for the defendant.

*Michelle S. LaBrecque* for the plaintiffs.

[1]Michelle S. LaBrecque, trustee under the will of Elizabeth E. Tasney; Edward Tasney; Erica Tasney; and Teresa Tasney.

RAPOZA, J. The defendant, David E. Neitlich, appeals from the dismissal of his appeal by a judge of the Probate and Family Court, for failure to comply with the appeals clerk's requests for his assistance in assembling the record, as required under Mass.R.A.P. 9(c)(1), as amended, 378 Mass. 936 (1979). The underlying appeal was from a judgment removing the defendant from his position as trustee of a trust under the will of Elizabeth S. Tasney. In view of the defendant's inaction in the face of repeated directives from the appeals clerk for the Probate Court, we conclude that the appeal was properly dismissed.

For purposes of this appeal, we do not delve into the underlying dispute, except to note that the plaintiffs were prompted to file this action seeking the defendant's removal as trustee when he allegedly failed to make timely distributions to one of the beneficiaries under the will. Following a two-day bench trial, which was electronically recorded, a judge of the Probate Court ordered entry of a judgment removing the defendant as trustee and ordering him to render accountings, return certain funds to the trust, and pay the plaintiffs' attorney's fees. The defendant filed notices of appeal dated May 9, 2000, and May 24, 2000.

The defendant's attorney, Stephen Maloney, reports that, in accordance with Mass.R.A.P. 8(b)(3), as amended, 430 Mass. 1601 (1999), he submitted a timely request to the register of the Probate Court for cassette copies of the electronic recordings of both days of trial. According to Mr. Maloney, the register provided him with a cassette copy of the first day's proceedings, but advised him that the original tape from the second day of trial was missing.

By notice pursuant to rule 9(c)(1), dated June 20, 2000, the appeals clerk for the Probate Court informed Mr. Maloney that the transcript was overdue and that, as no alternative statement of the evidence or proceedings had been filed with the court, the appeal was not in compliance with "[Mass.R.A.P.] 8(b) and []9(c)." Mr. Maloney responded by letter dated July 6, 2000, informing the appeals clerk of the missing tapes for the second day of trial. By further notice pursuant to rule 9(c)(1), dated July 25, 2000, the appeals clerk offered Mr. Maloney assistance in dealing with the missing tapes and reminded him that other methods were available for compiling the record. But she also

instructed as follows: "Whether or not you wish to seek an alternative route to the transcription of the cassette, it would be appreciated if you would inform this Department how you would prefer to proceed under the current constraints." Mr. Maloney did not respond.

The appeals clerk sent a supplemental further notice pursuant to rule 9(c)(1), dated August 22, 2000, recounting Mr. Maloney's lack of response to her earlier notice and requesting that he "comply with [Mass.R.A.P.] 8 and/or 9 prior to September 5, 2000, with regard to the existing cassette and an alternate substitution for the missing cassette." Otherwise, she instructed him to submit his written intention to prosecute the appeal and an explanation for his delay. Again, no response was forthcoming. Finally, on October 23, 2000, the appeals clerk sent Mr. Maloney a predismissal notice, reviewing his noncompliance with the previous notices and indicating the appeal would be dismissed if he did not comply with the rules before November 3, 2000.

At this point, the plaintiffs moved to dismiss the appeal pursuant to Mass.R.A.P. 10(c), as amended, 417 Mass. 1602 (1994), based on the defendant's failure to prosecute the appeal and to comply with rules 8 and 9(c). A Probate Court judge heard argument on the motion on November 1, 2000. On that date, the defendant filed a motion for an extension of time to file the transcript from the first day of trial and a one and one-half page proposed statement of the evidence for the second day of trial. The defendant conceded at the hearing, however, that he had had the cassette from the first day of trial since July 6, 2000, and offered no excuse for his failure to respond to the appeals clerk's rule 9(c)(1) requests. The motion to dismiss the appeal was allowed.

We apply the abuse of discretion standard to determine whether the judge was warranted in dismissing the appeal. *McCarthy* v. *O'Connor*, 398 Mass. 193, 196 (1986). *Russell* v. *McOwen-Hanelt*, 413 Mass. 106, 109 (1992), cert. denied, 506 U.S. 1050 (1993). We are also mindful, in reviewing the events in the lower court, that the burden was on the defendant, as appellant, to pursue his appeal, see *id.* at 111, and to provide an adequate record for his appeal. See *Parks* v. *Johnson*, 46 Mass. App. Ct. 905, 906 (1998).

1. *Rule 9(c)*. The defendant begins with the premise that because Mass.R.A.P. 9(c)(2), as amended, 417 Mass. 1601 (1994), regarding the filing of transcripts, excludes electronically recorded proceedings,[2] any justification for the dismissal of his appeal could only be found in his failure to comply in a timely fashion with Mass.R.A.P. 8(c), as amended, 378 Mass. 932 (1979). Rule 8(c) sets out the procedure for filing a statement of the evidence when a transcript is unavailable.[3] The defendant contends that because the register's office never informed him whether the search for the missing tape had concluded, he should not be held to the requirement of rule 8(c) that he should have filed a statement of the evidence within thirty days of filing the appeal, or upon learning that the tape was unavailable.

It is true that rule 9(c)(2) does not apply to electronically recorded proceedings. But the defendant's argument does not take into account rule 9(c)(1), a general provision which remains applicable to all civil and criminal proceedings, including those electronically recorded. It states as follows: "In a civil or criminal case, upon request by the clerk of the lower court, the appellant shall forthwith perform any act reasonably necessary to enable the clerk to assemble the record and the clerk shall assemble a single record."

The appeals clerk's notices to the defendant were expressly issued under rule 9(c)(1) and, therefore, required his timely response. The defendant answered the appeals clerk's initial notice by informing her of the missing tapes. However, he failed to comply with the appeals clerk's three subsequent directives, all of which, under rule 9(c)(1), required the defendant to

---

[2] See Reporter's Notes to Mass.R.A.P. 9(c)(2), Mass. Ann. Laws, Rules of Appellate Procedure, at 51 (Lexis Nexis 2002).

[3] Rule 8(c) provides as follows: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may, within thirty days after the notice of appeal is filed, file a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may then file objections or proposed amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments thereto shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal."

act promptly to enable the appeals clerk to assemble the record. It was on that basis that the judge dismissed the appeal, pursuant to rule 10(c), as is permitted in instances of inexcusable neglect.

The defendant argues that he at least complied with the appeals clerk's final October 23, 2000, predismissal notice. Even putting aside his failure to respond to earlier requests and deadlines, which we do not take lightly, see *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 139-140 (1978), compliance with this final notice required that the defendant file a transcript for the first day of trial and a statement of the evidence for the second day of trial before November 3, 2000. The record indicates that on November 1, 2000, the day of the hearing on the plaintiffs' motion to dismiss, the defendant filed a motion for an extension of time to file the transcript for the first day of trial. Yet at the hearing, the defendant's attorney acknowledged that the tape for the first day had been in his possession since July 6, 2000. Given that the defendant, without excuse or explanation, failed to respond to the appeals clerk's previous rule 9(c)(1) requests, despite the rule's mandatory language requiring him to do so, his November 1, 2000, filing of a motion for an extension to file the first day's transcript cannot be considered as satisfying rule 8(c).

2. *Rule 10(c)*. The defendant next seeks relief in the language of Mass.R.A.P. 10(c), which provides, in relevant part, that the court may dismiss the appeal, "but only upon a finding of inexcusable neglect; otherwise, the court shall enlarge the appellant's time for taking the required action." The defendant insists that the judge, having omitted the phrase "inexcusable neglect" in her order of dismissal, failed to make the requisite finding.

We note that in *Patten* v. *Mayo*, 23 Mass. App. Ct. 657, 660 (1987), where we exercised our independent judgment to let an appeal go forward, we cited, as one reason, the trial judge's failure to make an explicit finding of inexcusable neglect regarding the appellant's misunderstanding of the procedure for gaining the trial judge's approval of a proposed statement of the evidence. But we think that here, faced with repeated instances of the defendant's disregard of the appeals clerk's requests, and

in light of rule 9(c)(1)'s mandate that, upon request, "the appellant shall forthwith perform any act reasonably necessary to enable the clerk to assemble the record," it was enough that the judge described the dereliction, without labeling it as inexcusable neglect. Compare *Caccia* v. *Caccia,* 40 Mass. App. Ct. 376, 378-379 (1996) (appeal reinstated where the judge failed to explain her finding of inexcusable neglect, yet "it seems clear that there was a sustained effort to comply"). Here, the facts articulated by the judge in her order of dismissal were sufficient to support a finding of inexcusable neglect.

As a final matter, the defendant seeks the protection of the last sentence of rule 10(c), which states as follows: "If, prior to the lower court's hearing such motion for noncompliance with Rule 9(c), the appellant shall have cured the noncompliance, the appellant's compliance shall be deemed timely." The defendant asserts that he cured any noncompliance prior to the lower court's November 1, 2000, hearing on the plaintiff's motion to dismiss by filing the motion for an extension of time to file the transcript of the first day of trial. For the reasons already stated, his filing of a motion for an extension, after months of neglecting his responsibilities as appellant, did not constitute compliance.

Based on the foregoing, we conclude that the judge did not abuse her discretion in dismissing the appeal.[4]

*Judgment affirmed.*

---

[4]The plaintiffs' request that the defendant be ordered to pay their attorney's fees on appeal, pursuant to G. L. c. 231, § 6F; G. L. c. 211A, § 15; and Mass. R.A.P. 25, as appearing in 376 Mass. 949 (1979), is denied.