The mother appeals from an order dismissing her appeal from a judgment of modification awarding the father custody of the parties' minor child. The appeal was dismissed for procedural defects. On appeal, the mother claims the judge abused her discretion in dismissing the appeal based on inexcusable neglect for not precisely titling the judgment from which the mother sought to appeal where there was sufficient additional information to properly identify the judgment at issue, and in dismissing the appeal due to the mother's failure to obtain the father's agreement before retaining a court-approved transcriber. We agree, and vacate the order.
The judge based her decision on two grounds; first, that the mother inaccurately identified the judgment or order at issue in her notice of appeal.[2] Without considering whether a judge may dismiss an appeal on this basis, we begin by noting we have never interpreted the designation requirement of Mass.R.A.P. 3(c), as appearing in 430 Mass. 1602 (1999), to be strictly rigorous. Instead, a notice will be deemed sufficient if it fairly informs the court and appellees of the judgments or orders to be considered on appeal. See Carter v. Empire Mut. Ins. Co., 6 Mass. App. Ct. 114, 117 n.3 (1978) (notice of appeal specifying that appeal was from "findings and conclusions of law" deemed to encompass judgment where parties were not misled and treated appeal as being from such judgment). See also Palriwala v. Palriwala Corp., 64 Mass. App. Ct. 663, 667-668 (2005) ; Imprimis Investors, LLC v. KPMG Peat Marwick LLP, 69 Mass. App. Ct. 218, 220-221 (2007).
As noted in the margin, the mother's notice, though inaccurately titling the judgment from which she appeals, specifies that her appeal is from a single judgment and that that judgment is dated August 27, 2015, and was entered on the docket on September 2, 2015. Only one such judgment appears on the trial court's docket: the modification judgment allowing the father's amended counterclaim for modification, which corresponds exactly to those dates. Moreover, from review of the hearing transcript and the judge's decisional memorandum, it is reasonably clear that both the judge and the father in fact knew that the judgment designated in the mother's notice was that judgment. In this light, we cannot say that the mother's notice was so deficient that it failed to bring before us the judgment of modification on the father's amended counterclaim for modification.[3]
The second ground upon which the judge relied was the mother's failure to follow the requirements of Mass.R.A.P. 8(b)(3)(ii), as amended, 428 Mass. 1601 (1998), namely, the mother's failure to obtain the father's agreement before retaining a court-approved transcriber; her submittal of the trial recording to her unilaterally chosen transcriber; and her failure to "cure" these defects before the hearing on the father's motion to dismiss her appeal. We review an order dismissing an appeal under Mass.R.A.P. 10(c), as amended, 417 Mass. 1602 (1994), and Mass.R.A.P. 9(c)(1), as amended, 378 Mass. 935 (1979), for abuse of discretion, remaining "mindful ... that the burden was on [the mother], as appellant, to pursue [her] appeal, and to provide an adequate record for [her] appeal." Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 708 (2011), quoting from Spivey v. Neitlich, 59 Mass. App. Ct. 742, 744 (2003).
We do agree with the father's suggestion that the mother's claim that her mistakes may be excused because she relied on advice purportedly received from the clerk's office in the Hampden Probate and Family Court is without merit; such mistakes are, at best, of the "garden-variety" type not falling within any reasonable concept of "excusable neglect." Mailer v. Mailer, 387 Mass. 401, 406 (1982), quoting from Goldstein v. Barron, 382 Mass. 181, 186 (1980). In addition, we also fully appreciate the judge's comments regarding the parties' trust problems and the judge's concerns regarding the mother's credibility and motives.
Nonetheless, unlike in cases such as Scheuer, it cannot be said that the mother "has done nothing to fulfill the requirement ... that an appellant move the appeal along as long as it is reasonable to do so." Scheuer, supra at 710. Compare Ross v. Continental Resources, Inc., 73 Mass. App. Ct. 497, 511-512 (2009). On the contrary, the mother in fact substantially complied with rule 8(b)(3)(ii)'s requirements insofar as she timely requested and obtained a copy of the trial's electronic recording; submitted the entire recording, or at least so much as was available to her at that time, to a court-approved transcriber for transcription; and moved, albeit incorrectly, that the court approve the transcriber chosen. In other words, and without minimizing the seriousness of the mother's missteps, the problem presented here is not that the mother neglected her appeal but, rather, that she made procedural errors in pursuing it. The mother's errors, however, were relatively quickly identified and need not have materially delayed the appeal. Nor does the father claim any evident prejudice, either to himself or the child. Moreover, once it became clear that the father objected, the mother's errors could have been remedied without significant additional delay had the court clerk or judge designated a neutral transcriber, as rule 8(b) contemplates in the event of disagreement and as the mother, in effect, requested.
In short, on this record we are left with the definite and firm conviction that the mother made diligent, if mistaken, efforts to "move the appeal along" and that the loss of the mother's appellate rights is unreasonably disproportionate to the harm, if any, occasioned. Accordingly, the judge "made a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
The April 7, 2016, order dismissing the mother's appeal is vacated and the case is remanded to the Probate and Family Court. To clarify the record, the mother shall within ten days of the date of the rescript of this decision file with the clerk of the Probate and Family Court and serve on all parties: (i) an amended notice of appeal specifying that she appeals from the judgment of modification dated August 27 and entered September 2, 2015, on the father's amended counterclaim for modification, which amended notice shall be deemed timely filed as to that judgment; and (ii) the notice contemplated by Mass.R.A.P. 8(b)(3)(ii), notifying the clerk to select a transcriber in accordance with the procedures promulgated by the Chief Administrative Justice. The clerk shall promptly notify all parties of such selection. Upon such notice, and provided the mother shall thereafter proceed expeditiously to have the trial transcript produced and filed with the register of probate, the mother's appeal shall be reinstated and the register shall forthwith complete assembly of the record.
So ordered.
Vacated and remanded.

The mother's notice specifies that her appeal is from "the Further Amended Judgment (on Complaint for Divorce filed November 4, 2009 and on Counterclaim filed April 7, 2010) dated August 27, 2015, entered ... on September 2, 2015." As the judge correctly noted, no document in this matter is so titled.

In contrast, the mother's notice makes no reasonably discernable reference to (i) the judgments, both dated August 20, 2015, dismissing her initial complaint for modification and her amended complaint for modification; (ii) the contempt judgment dated August 20, 2015; or (iii) the order entered on December 1, 2015, denying the mother's motion for new trial. Accordingly, those judgments and the order cannot be deemed to be encompassed by the mother's notice of appeal. See Robinson v. Boston, 71 Mass. App. Ct. 765, 771 (2008).