The plaintiff Deutsche Bank National Trust Company (bank) commenced this summary process action in the District Court in December, 2012, against the defendant Patricia Federico. Federico asserted numerous challenges to the bank's right of possession, including that the assignment of the mortgage to the bank was void because it did not comply with the pooling and servicing agreement, that the foreclosing attorneys did not have authority to conduct the foreclosure, and that the default and foreclosure notices were legally insufficient. After a jury trial, judgment for the bank for possession and rent entered in May, 2015.
Federico appealed the judgment to the Appellate Division of the District Court Department, but she did not file her brief in that court in a timely manner. Ultimately, after Federico had been granted several extensions of time to file her brief, the Appellate Division dismissed her appeal. Federico filed a timely notice of appeal from the decision and order of the Appellate Division. See G. L. c. 231, § 109.
On appeal to this court, Federico raises numerous issues concerning the underlying summary process proceeding in the District Court. Essentially, she contends that she received an unfair trial and that the trial judge was biased against her. However, because Federico did not present any of those claims to the Appellate Division, she may not raise them here.
"In a civil case, after a judgment in the District Court, an 'appellant is barred from pursuing in the Appeals Court a claim of error that it failed to raise at the Appellate Division.'" Gossels v. Fleet Natl. Bank, 453 Mass. 366, 371 (2009), quoting from Perlin & Connors, Civil Procedure in the Massachusetts District Court § 12.26, at 160 (3d ed. Supp. 2007). "When an appellant's claim of error is 'not presented to or decided by the Appellate Division[,] [i]t cannot be considered by us.'" Gossels, supra, quoting from Kelsey v. Hampton Ct. Hotel Co., 327 Mass. 150, 152 (1951).
The only issue properly before this court is the propriety of the Appellate Division's dismissal of Federico's appeal for failure to file a brief after numerous extensions of time.[3] This determination turns on whether the Appellate Division abused its discretion. See Spivey v. Neitlich, 59 Mass. App. Ct. 742, 744 (2003) ("We apply the abuse of discretion standard to determine whether the judge was warranted in dismissing the appeal"). Federico's brief, however, does not address the propriety of the Appellate Division's order dismissing her appeal; therefore, we do not address the issue. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975) (Appellate court "need not pass on questions or issues not argued in the brief"); Tynan v. Attorney Gen., 453 Mass. 1005 (2009).[4]
Decision and order of Appellate Division affirmed.

In an order dated October 25, 2016, denying Federico's motion for a stay of eviction pending appeal, a single justice of this court indicated that Federico "may still pursue her appeal from the Appellate Division's 6/2/16 dismissal of her appeal."

We note that Federico also failed to provide this court with a copy of the Appellate Division's decision. This failure would serve as an independent basis for refusing to reach the substance of her appeal. See Chokel v. Genzyme Corp., 449 Mass. 272, 278-280 (2007). We acknowledge the bank's inclusion of the decision in an addendum to its brief.