NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1254

COMMONWEALTH

vs.

SANDRO MATHIEU.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Sandro Mathieu, appeals from an order of the Appellate Division of the District Court dismissing his appeal. Discerning no error or abuse of discretion in the action of the Appellate Division, we affirm.

This appeal arises from a citation issued by a Massachusetts State police trooper to the defendant for obstructing a stationary emergency vehicle.  See G. L. c. 89, § 7C (b).  After a hearing, a magistrate of the District Court found the defendant responsible for the cited violation.  The defendant appealed to the Appellate Division of the District Court, which dismissed the appeal for failure to present an issue for appellate review.  The defendant, pro se, now appeals

to this court, maintaining his innocence and asserting that the trooper who issued the citation acted in a discriminatory manner in issuing the underlying citation.

An appellant, the defendant here, bears the burden of presenting appellate arguments and producing a record appendix that are adequate for appellate review. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019). The rule "is more than a 'mere technicality. It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'" Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995), quoting Lolos v. Berlin, 338 Mass. 10, 14 (1958).

The defendant's failure to present a proper appellate argument and factual record inhibits review of this case.[1] Without a proper record, we cannot evaluate the Appellate Division judges' conclusion that "the defendant . . . failed to

---

[1] While we recognize the inherent challenges in proceeding pro se, both parties represented by counsel and pro se litigants are required to present materials necessary for appellate review. See Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990) ("Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants").

2

present an issue of law for appellate review."  See Mass. R. A. P. 16 (a) (9); Mass. R. A. P. 18 (a).  Therefore, we affirm the Appellate Division's dismissal of the defendant's appeal.  See Spivey v. Neitlich, 59 Mass. App. Ct. 742, 744 (2003) ("We apply the abuse of discretion standard to determine whether the judge was warranted in dismissing the appeal").

Order dismissing appeal
   affirmed.

By the Court (Massing,
   Hershfang & Tan, JJ.[2]),

Clerk

Entered:  April 25, 2025.

---

[2] The panelists are listed in order of seniority.

3