NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1239

ALAN SCHEINMAN

vs.

BOARD OF ASSESORS OF HOLYOKE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The taxpayer, Alan Scheinman, appeals from a decision of the Appellate Tax Board (board) issued in accordance with G. L. c. 58A, § 1A.  The board denied an abatement for fiscal year 2023.  We affirm.

Scheinman purchased a home in the city of Holyoke (city) in 2006 for $332,000.  A year later, in 2007, the city established a historic district pursuant to G. L. c. 40C, and Scheinman's property is within the historic district.  For the fiscal year 2023, the assessors valued Scheinman's property at $347,200. Scheinman requested and was denied an abatement, then filed a petition with the board.  Although the assessors subsequently granted a partial abatement, lowering the assessed value of the

property to $280,740 and proportionally adjusting the tax assessed, Scheinman maintained his appeal, claiming: (1) the use of G. L. c. 40C to establish a historic district was a taking of Scheinman's property, and therefore the property should be deemed tax exempt, (2) in the alternative, the fair market value of Scheinman's property was $230,000, and (3) the failure to properly classify his property for tax purposes violated his constitutional rights.[1]

A decision by the board will not be modified or reversed if it "is based on both substantial evidence and a correct application of the law." Boston Professional Hockey Ass'n v. Commissioner of Revenue, 443 Mass. 276, 285 (2005). "Although the proper interpretation of a statute is for a court to determine, we recognize the [tax] board's expertise in the administration of tax statutes and give weight to the [tax]

---

[1] Scheinman claims that the board improperly failed to address grievances he purports to have raised under the due process clause, the equal protection clause, and the Fourteenth Amendment to the United States Constitution. As he has not presented this court with any documents evidencing arguments presented to the board, those constitutional issues do not rise to the level of adequate appellate argument as required by Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019). See Parks v. Johnson, 46 Mass. App. Ct. 905, 905 (1998) (appellant's burden to provide appellate court with "an adequate record demonstrating that the issues had been preserved"). Accordingly, those claims are waived.

board's determination."  Raytheon Co. v. Commissioner of Revenue, 455 Mass. 334, 337 (2009).

"An unlawful taking is often found when (a) government action has authorized a permanent physical occupation of private property, or (b) government regulatory action has gone too far so as to deprive an owner of all economically beneficial or productive use of the property" (citations and quotation omitted).  Collins v. Historic Dist. Comm'n of Carver, 73 Mass. App. Ct. 388, 392 (2008).  Scheinman did not show that either of those two scenarios apply to his property and thus there was no taking of his property.  See id., quoting Yee v. Escondido, 503 U.S. 519, 527 (1992) ("The government effects a physical taking only where it requires the landowner to submit to a physical occupation of his land").  Additionally, having a home designated within a historic district is not a taking which entitles someone to compensation.  See Opinion of the Justices, 333 Mass. 773, 777 (1955).

Where Scheinman is challenging the assessment of his property, he bears the burden of proving his entitlement to a reduced tax rate.  See Boston Gas Co. v. Assessors of Boston, 458 Mass. 715, 717 (2011).  Scheinman's opinions were not "affirmative evidence of value which undermines the assessors' valuation," nor did Scheinman "expos[e] flaws or errors in the

3

assessors' method of valuation" (citation omitted). <u>General Elec. Co.</u> v. <u>Assessors of Lynn</u>, 393 Mass. 591, 600 (1984). There was no error for the board to conclude that Scheinman had not sustained his burden of proof.

<u>Decision of Appellate Tax Board affirmed</u>.

By the Court (Rubin, D'Angelo & Toone, JJ.[2]),

*Paul Little*

Clerk

Entered:  September 22, 2025.

---

[2] The panelists are listed in order of seniority.